## PHILIP, a negro man, *qui tam*, *v*. ABRAHAM KIRKPATRICK.

1 *St. L.* 193.

THIS was an action of debt for 20*l*. a penalty on the act of affembly againft ufury.

*John Black* bound his fon *Daniel Black*, a boy of fourteen years of age, to *Kirkpatrick*, by indenture, dated 8th *April*, 1792, until *J. Black* pay *Kirkpatrick* a bond of the fame date of 20*l*. being cafh lent. *Black* was to find his fon in fufficient clothing during his fervice ; but if

not, and *Kirkpatrick* did it, *Black* was to repay it. If *Kirkpatrick* sent the son to school, *Black* was to pay for the schooling, and make up for the time loft. *Kirkpatrick* was to find the son in sufficient meat, washing, mending, and lodging. The bond mentioned was given by *J. Black* to *Kirkpatrick*, for the payment of 20*l.* being cash lent. There was a penalty of 40*l.* in it. The lad served *Kirkpatrick* four months, and twenty days, and got no cloaths from him. *J. Black* then paid *Kirkpatrick* 20*l.* but he would not give up the bond, till he also paid him 9*s.* and 4*d.* as interest on it. This *J. Black* also paid him ; but said this was not according to the bargain.

*Rofs* and *Woods*, for defendant. This is not ufury, but a fair transaction. Where there is a rifk of loss of the money, or a failure of payment, at a day fixed, more than legal interest may be referved. The fervice of the borrower's son was a pawn or security for the payment of the loan. Poffeffion of a houfe may be given as a pawn ; a pawn may be ufed, and yet interest may be taken.

*Brackenridge*, for plaintiff. This is not a cafe of rifk. The fervice of the boy was the agreed compenfation for the ufe of the money. If one to whom poffeffion of land was given, as a fecurity for debt, retain the poffeffion, after he has received all that was due from the profits of the land, it is ufury. *1 Hawk. 527.*

PRESIDENT. If money be lent, payable on a contingency, which may never happen, as the arrival of a fhip, more than legal interest may be referved on the payment, and it is not ufury : for the lender rifks the lofs of the whole. But wherever the principal is payable at all events, and the rifk only applies to the interest, no more than legal interest can be referved. The principal was fecure here, in the legal view of fecurity : for a bond was taken for abfolute payment. The poffible or probable infolvency of the borrower is not one of thofe rifks, which the law has, or, agreeably to its intention, can have in view ; and will not juftify taking more than legal interest. If the only object of the indenture was to give a *fecurity* for the money lent and interest, a fecurity, which while it might be a gain, might, as if in this cafe the lad had become fick, be none, or might be a lofs ; the defendant might lawfully carry this agreement

*Sharpley v. Hurrel. Cro. Ja. 208.*

*Roberts v. Trenayne. Cro. J. 507.*

1793.

into execution, by enjoying the benefit of the security (since the loss might also have fallen on him, and so reduced even his principal sum) and exacting interest also: and, on this supposition, you ought to find for the defendant. But if the meaning of the contract was, that the indenture and probable service of the son was equivalent to the interest of the money borrowed by the father ; then exacting interest afterwards was usury, the money lent is forfeited, and you ought to find for the plaintiff. If the indenture were, of itself, sufficient to ascertain the intent of the parties, we should feel ourselves bound to give a decisive opinion. But as it does not exclude the reservation of interest besides (as the words "cash lent," might have been inserted with a view to interest) we leave it to be explained by other circumstances ; only declaring our opinion, that, from the nature of the transaction, and the provision in the indenture, that the time, which might be lost at school, should be made up to the defendant, it was the meaning of the parties, that the indenture and service should be equivalent to interest. If a certain gain was reserved in the contract, to the lender, besides interest ; the contract is usurious. And if, without any express reservation, in the contract, a certain gain, uncompensated by expence and risk, was taken ; this taking is usurious. If the taking be usurious, you ought to find for the plaintiff.

The jury found for the defendant.

4 T. Rep. 353.

NOTE.—The case of *Morse v. Wilson*, of all which have come within my knowledge, most nearly resembles the preceding. To secure the repayment of a loan of 2000l. with five *per cent.* interest, a bond, in the penalty of 4000l. was given ; and also, in further security, an assignment of two shares in a brewery, valued at 1000l. each ; the surplus profits of which, together with five *per cent.* interest, the lender was to receive. Here it was argued, that, though the lender, by this agreement, was not subjected to the losses in trade, yet, from his reception of the profits, he was, with respect to others than the partners, liable for the partnership debts ; which might risk, not only his interest, but his principal advanced. But the court held it a clear case. For not being liable, with respect to the partners, for the losses in trade, his principal was no farther risked than, in the case of every lender, by

the infolvency of the borrower ; from his being liable to debts, on the infolvency of the partners.

It will be obferved, that if in this cafe, the lender had been immediately liable to loffes contingent, it would not have been ufury, and that, in the cafe of *Kirkpatrick*, my opinion went on the ground, that, from the relation of mafter and fervant, he was immediately bound to maintain and provide for the borrower's fon, in cafe of ficknefs, without any compenfation or recourfe, on the fon, the borrower, or any perfon whatever; and that this contingency might have affected even the principal lent.

The decifions in England feem to go very far, to fupprefs ufury. Compare the cafe of *Doe v. Barnard*, with the laft point in the cafe of *Mufgrove v. Gibbs*.