# SIMON TRUBY, JR., v. JAMES MOSGROVE ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF ARMSTRONG
COUNTY.

Argued October 13, 1887—Decided January 3, 1888.

In an advance of money agreed to be repaid with interest in excess of the
legal rate on the happening of an uncertain event, the contract is not
usurious.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 118 October Term 1887, Sup. Ct.; court below, No. 236 June Term 1883, C. P.

This was an action of assumpsit brought on May 5, 1883, by Simon Truby, Jr., assignee for the benefit of the creditors of D. A. Ralston, against James Mosgrove and William Pollock, administrators of J. E. Brown, deceased. The pleas were, non-assumpsit, payment with leave, etc.

At the trial on September 27, 1886, before HENRY W. WILLIAMS, P. J. fourth district, holding special term, it appeared: That in 1880, upon three several contracts in writing, James E. Brown agreed to loan to D. A. Ralston $75,000, each contract being for $25,000. United Pipe Lines certificates were to be delivered as collateral security. As Ralston received the money Brown took negotiable notes at four months for the amount received, deducting interest at seven per cent., which he marked on the margin of each note.

The contracts and the notes, with their indorsements, were in the following form :

KITTANNING, March 18, 1880.

James E. Brown agrees to loan D. A. Ralston twenty-five (25) thousand dollars under following conditions :

D. A. Ralston to pay at rate of four (4) per cent. interest on above amount or any part thereof, until he, Ralston, draws or uses the same ; when Ralston draws the above amount, or any part thereof, he then to pay Mr. Brown at rate of seven (7) per cent. per annum as long as he retains it, not to be less than four (4) months, and Ralston to have the privilege to retain the money until United Pipe Lines certificates are worth in open market, at rate of one dollar and fifteen cents ($1.15) per barrel. When Ralston draws above amount, or any part thereof, he to deliver to Mr. Brown United Pipe Lines certificates as collateral security at rate of one thousand barrels of oil for one thousand dollars received, Ralston to pay all storage, shrinkage, and fire assessments on said collateral oil. Witness our hands and seals this the 18th day of March, 1880.

J. E. BROWN. [L. S.]
D. A. RALSTON. [L. S.]

$25,000.              KITTANNING, PA., 2d October, 1880.

Four months after date I promise to pay to the order of D.
A Ralston, Esq., twenty-five thousand 00-00 dollars at Iron
City National Bank, Pittsburgh, without defalcation for value
received.

No. 6.

609.58                                    D. A. RALSTON.

[Indorsed.]

United Pipe Lines certificates 25406, 25407, 25408, 25409,
25410 for five thousand barrels each transferred to J. E. Brown
by D. A. Ralston and to be held by him as collateral security
as per contract March 18, 1880.

J. E. BROWN.

D. A. RALSTON.

Under these contracts, Ralston received from Brown $60,000,
and gave Brown his notes aggregating that amount.    Brown
died on December 27, 1880, and soon thereafter Ralston made
a general assignment to the plaintiff for the benefit of his
creditors.    Subsequently, Mosgrove and Pollock, Brown's ad-
ministrators, sold the oil represented by the United Pipe Lines
certificates held as collateral, and, having paid all storage, fire
assessments, etc., on November 20, 1882, he returned the notes
to Ralston.

The jury found a special verdict:

We find that D. A. Ralston borrowed from James E. Brown
at different times in 1880, money amounting together to sixty
thousand dollars; that he secured this loan by the pledge of
United Pipe Lines certificates as collateral security, at the rate
of one thousand barrels of oil for each $1,000 borrowed; that
said certificates were sold by the defendants about the 20th
November, 1882, who realized therefrom $870,31 in excess of
the said debt and six per cent. interest thereon; that when
said loan was made it was agreed in writing that Ralston
should "pay seven per cent. as long as he retains the same,
not to be less than four months, and Ralston to have the privi-
lege to retain the money until United Pipe Lines certificates
are worth in the open market $1.15 per barrel."

If upon these facts the court be of opinion that the reser-

vation of seven per cent. interest is usurious, then we find for the plaintiff the sum of $1,074.45, being the amount of said excess with interest thereon. If the court be of opinion that the reservation of said rate is not usurious upon the facts of this case, then we find for the defendant.

On March 7, 1887, the court filed an opinion directing judgment to be entered in favor of the defendants. The plaintiff then took this writ, assigning the order as error:

*Mr. M. F. Leason* (with him *Mr. J. H. McCain*), for the plaintiff in error:

1. The decisions of this court upon § 2, act of May 28, 1858, P. L. 622, have been numerous and invariably against all attempts to evade the true intent and meaning of the act. The act is construed in unmistakable language in Schutt v. Evans, 109 Pa. 628. Spain v. Hamilton, 1 Wall. 604, originated in the District of Columbia, and has no bearing on our statute. Phila. & R. R. Co. v. Stichter, 11 W. N. 325, is of weakened authority by reason of the dissenting opinion of three out of four of the justices. Moreover it was not ordered to be officially reported. Further, in the case at bar the usury was complete by the actual payment of the entire debt and interest. And the payment of interest never depended on any contingency, but was regularly paid or deducted when the notes were given or renewed.

2. The act of 1858 contains but one exception or proviso from its general terms, and that is as to the holders of negotiable paper taken bona fide in the usual course of business. No distinction is made as to the kind of contract, and no exception in favor of any particular kind of loan.

*Mr. James P. Colter* (with him *Mr. E. S. Golden* and *Mr. H. L. Golden*), for the defendants in error:

1. Under the contracts, Ralston was not in the ordinary relation of a borrower of money. The time for the payment of the money was when the United Pipe Lines certificates were worth in open market $1.15 per barrel, and was thus indefinite and uncertain. The transaction was a speculation, in which Brown stipulated for a profit as uncertain in one respect as

any profit Ralston expected. The recovery of usury is a personal right which no one but the debtor can enforce, and the consent of Ralston to the application of the money was an end to any claim by his assignee : Miners' Trust Co. Bank v. Roseberry, 81 Pa. 309; Second N. B. of Titusville's App., 85 Pa. 528.

2. Spain v. Hamilton, 1 Wall. 604, is cited by this court in Phil. & R. R. Co. v. Stichter, 11 W. N. 325, in which it was held that when the promise to pay a sum above legal interest depends upon a contingency and not upon the happening of a certain event, the loan is not usurious. The same principle is stated in Philip v. Kirkpatrick, Add., 124. Ralston was to pay all storage, shrinkage and fire assessments on the collateral oil, and to repay to Brown the money advanced, with seven per cent thereon, in case oil should reach $1.15. It happened that oil did advance to that price, and the proceeds were applied as agreed upon. In view of the risk of loss incurred, to allow a recovery by the plaintiff would be unwarranted.

OPINION, MR. JUSTICE PAXSON :

The learned judge of the court below entered judgment in favor of the defendants upon the special verdict. In this there was no error. The contract between Brown and Ralston, while resembling somewhat a contract for the loan of money, was not so in substance. It was practically a venture or speculation in oil, with capital to be furnished by Brown. If unsuccessful—that is, if oil never reached $1.15 per barrel, the loss fell on Brown; if successful, Brown was to get his money back, with seven per cent. interest. In other words, he risked the capital with the chance of getting one per cent. above legal interest as profit. We do not see any taint of usury in this. It is settled law that when the promise to pay a sum above legal interest depends upon a contingency and not upon the happening of a certain event, the loan is not usurious. This was decided in Phila. & R. R. Co. v. Stichter, 11 W. N. 325. And see also Spain v. Hamilton, 1 Wall. 604; Corcoran's Case, Idem 604. In Philip v. Kirkpatrick, Add. 124, the principle is thus stated : " If money be lent, payable on a contingency which may never happen, as the arrival of a

ship, more than legal interest may be reserved on the payment, and it is not usury, for the lender risks the loss of the whole."

Judgment affirmed.