PETERS *v.* YOUNGS.

TAX SALES — VALIDITY OF DECREE — RES JUDICATA — WRIT OF ASSISTANCE — COLLATERAL ATTACK.

  Where, upon an application for a writ of assistance by the holder of a tax title, the owner appears, and questions the jurisdiction of the court to enter the decree of sale, an order overruling the objections so raised, and directing the issuance of the writ, is *res judicata* as to the validity of the decree, precluding the owner from afterwards attacking it in an action of ejectment, even though on different grounds.

Error to Marquette; Stone, J. Submitted October 28, 1899. Decided December 21, 1899.

Ejectment by Robert Peters against Clark W. Youngs and others. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Clark & Pearl*, for appellant.

*Hill & Smith*, for appellees.

MONTGOMERY, J. This is an action of ejectment to recover possession of a lot in the city of Marquette, Mich., with store buildings thereon. Plaintiff showed a chain of title from the United States to himself. Defendant Youngs showed that he was a purchaser from the auditor

general under a sale made in pursuance of a decree of the circuit court for Marquette county, in chancery, and that he was put into possession by a writ of assistance.

It appears that an answer was put in to the application for a writ of assistance, alleging, among other things, that the decree was void for want of jurisdiction for certain reasons specifically set up in the answer. On the hearing the court overruled the answer, and granted the writ of assistance. On the trial of the present case the plaintiff contends again that there was no jurisdiction to render the decree, but assigns another and different reason for his contention than those assigned on the application for a writ of assistance. The circuit judge held that the order in the chancery suit, granting the writ of assistance, and determining that the court had jurisdiction, was *res judicata.* The appellant contends that the issue on the application for a writ of assistance was narrowed by the reasons which he put forth to establish the want of jurisdiction. We think, however, that the question as to the validity of the decree was necessarily involved in the determination of the application, and, having once submitted that question to a competent tribunal, the plaintiff cannot retry it on discovering additional grounds on which to attack the jurisdiction. *Rawiszer* v. *Hamilton*, 51 How. Prac. 297.

It is contended that the validity of the decree could not be litigated on the application for the writ of assistance, and for this reason the order in the chancery case is not conclusive. It is not accurate to say that the validity of the decree as affected by want of jurisdiction was not open in the proceedings. It is true that, the jurisdiction once established, the defendant would be precluded from retrying the merits on an application for a writ of assistance; but it was competent for the defendant to show want of jurisdiction, as was held in *Ball* v. *Ridge Copper Co.*, 118 Mich. 7. The plaintiff in this case did litigate the question of jurisdiction on the application for a writ of assistance, and we agree with the circuit judge that, what-

ever remedy he may have by bill of review, he cannot collaterally again attack that holding.

Judgment affirmed.

The other Justices concurred.