*In re* WRISLEY.

COURTS—JURISDICTION—RES ADJUDICATA.

* A wife instituted suit against her husband in Kalamazoo county for divorce. He subsequently brought suit for divorce against her in Charlevoix county. To that suit she interposed a plea in abatement, setting up her suit pending in the Kalamazoo circuit court. The Charlevoix circuit court entered a decree overruling the plea in abatement. From that decree she took no appeal. *Held,* that the Charlevoix circuit court had jurisdiction to determine the question, that it was *res adjudicata,* and cannot be raised in a collateral proceeding.

*Habeas corpus* proceedings by Anna P. Doyle to determine the right to the custody of Gladys Wrisley, an infant. Submitted December 4, 1900. Writ dismissed March 26, 1901.

The following is a concise statement of facts, taken from the brief of the attorneys for the petitioner:

"Anna P. Wrisley and Frank Wrisley were married at Cheboygan in June, 1891. In August, 1892, Gladys Wrisley was born. In October, 1894, Anna Wrisley separated from her husband because of the extreme cruelty of her husband, and because of his failure, being of sufficient ability so to do, to support and maintain herself and child. Anna P. Wrisley moved to the city of Kalamazoo, and in 1895 filed her bill of complaint in the

* Head-note by GRANT, J.

circuit court for the county of Kalamazoo, in chancery, for divorce. She employed R. G. Smith as her solicitor. On March 15, 1895, she filed her bill of complaint. She communicated to her solicitor the residence of her husband. A subpœna in the usual form was issued. It was not served, but the solicitor made a return himself upon the back of it that it could not be served, because he could not find the defendant. The solicitor then prepared an affidavit for an order of publication for the defendant's appearance, on the ground that process could not be served because of defendant's continued absence from his place of residence. The order was made on the 22d of April, 1895, by a circuit court commissioner, and published according to its exigency. On filing proof of publication and of the nonappearance of the defendant, the bill of complaint was taken as confessed. Proofs were taken before a commissioner. On September 14, 1895, a final decree was entered, granting to the complainant a divorce, and awarding the custody of the child, Gladys, to her until said child, Gladys, shall attain the age of 14 years.

"In November, 1897, Mrs. Wrisley, acting upon the supposition that her divorce was in every respect legal, married William G. Doyle, of the city of Kalamazoo, and bore unto him two children, who are now living. Gladys Wrisley remained with her mother and in the family of Mr. Doyle, being supported wholly by her mother, Mr. Doyle, and her grandmother, until the summer of 1899, when she went to Petoskey with her grandmother. While at Petoskey, Frank Wrisley persuaded the grandmother to allow him to take the child home with him to Charlevoix to visit for a week, promising to return her at the end of that time in order that she might go back to Kalamazoo and enter school. He had contributed nothing towards her support and maintenance from the time of her infancy down to this date. He failed to return the child as he had agreed, and the grandmother, Mrs. Emma Blair, went to Charlevoix and took her into her possession. For this Frank Wrisley had her arrested for abduction. The charge, however, was substantially dismissed. Frank Wrisley then filed a bill of complaint in the circuit court for the county of Charlevoix, in chancery, to obtain a decree of divorce from his wife on the ground of extreme cruelty, and obtained an *ex parte* order at chambers from the judge of that court, awarding

him the custody of Gladys during the pendency of the suit. He then filed a petition in the circuit court for the county of Kalamazoo, in chancery, to obtain an order setting aside the decree for divorce entered in favor of Mrs. Wrisley, on the ground that the court had no jurisdiction of the cause, mainly because no process had been served on him, and the order for publication and his appearance was a nullity. After the hearing the court set the decree aside. The court on the same day made an order placing the child, Gladys, in the custody of Mrs. Wrisley during the pendency of the suit, holding that it had primary jurisdiction, and that the circuit court for the county of Charlevoix had not jurisdiction. The court also ordered a writ of subpœna to issue in the case, in the usual form, directed to the defendant, Frank Wrisley. This subpœna was served upon him personally. An application was then made for temporary alimony in behalf of Mrs. Wrisley. This order was granted. The defendant, Frank Wrisley, refused to comply with the order to pay complainant temporary alimony, or to place the child, Gladys Wrisley, in her custody. An application was then made to the circuit court for an order putting him in contempt. The court found he was in contempt, and ordered the issuing of attachment.

"In the meantime Mrs. Wrisley filed a plea in abatement in the circuit court for the county of Charlevoix, in chancery, upon the ground that the circuit court for the county of Kalamazoo, in chancery, had sole jurisdiction of the controversy. The plea was overruled. The bill of complaint was then taken as confessed, and on the 21st day of August, 1900, the circuit court for the county of Charlevoix, in chancery, granted a decree of divorce to Frank Wrisley, and awarded him the custody of the child, Gladys, until she shall attain the age of 14 years. Subsequently Gladys was taken, under the authority of Frank Wrisley, to Ypsilanti by his mother, Mrs. Sophia Wrisley, with whom she is now residing at Ypsilanti. Frank Wrisley did not appear in answer to the subpœna served upon him in the cause pending in the circuit court for the county of Kalamazoo, in chancery, and the bill of complaint in that cause was taken as confessed by him. On November 8, 1900, a final decree was entered by the circuit court for the county of Kalamazoo, in chancery, granting to Anna P. Wrisley a divorce, with the custody of the child, Gladys Wrisley."

*Osborn, Mills & Master*, for petitioner.

*Robert W. Kane*, for respondent (Sophia Wrisley.)

GRANT, J.   We have here two decrees, in one of which Mr. Wrisley obtained a divorce from his wife, and in the other of which she obtains a divorce from him, and each is awarded the custody of their child, Gladys.   He appeared specially in the suit brought by his wife in the Kalamazoo circuit court, and moved to set aside the decree on the ground that the court had no jurisdiction to render it.   The motion was granted, and the decree set aside. At the same time that court, considering that it had the power to retain the suit and to issue an *alias* subpœna upon the original bill, retained jurisdiction, issued an *alias* subpœna, and granted an order giving the custody of the child, during the pendency of the suit, to her.   He paid no further attention to that suit, but proceeded with his own in Charlevoix county.   She, insisting that the Charlevoix court had no right to proceed, because of the pendency of her suit in the Kalamazoo circuit, brought for the same cause of action against the same party, appeared in the suit in Charlevoix county, and entered a plea in abatement, setting up the suit pending in the Kalamazoo circuit court.   The circuit court for Charlevoix county decided that issue against her, held that it had jurisdiction of the case, and that the Kalamazoo circuit did not have jurisdiction.   Had she not interposed this plea in abatement, a question would arise that we need not now discuss.   She voluntarily submitted the question of jurisdiction to the circuit court for the county of Charlevoix. It had the power to pass upon it.   It did so, and the decree of that court is binding upon both the parties until reversed by an appellate court.   The question is *res adjudicata*, and she cannot raise it in a collateral proceeding. *Peters* v. *Youngs*, 122 Mich. 484 (81 N. W. 263); 1 Black, Judgm. § 274; *Elliott* v. *Peirsol's Lessee*, 1 Pet. 328.   The language of this court in *Palmer* v. *Oakley*, 2 Doug., at page 475 (47 Am. Dec. 57), sustains this view.

We must therefore hold that Mr. Wrisley is entitled to the custody of the child under the decree in the circuit court for the county of Charlevoix. Should he not be a proper person to have the care, custody, and education of the child, that question can be determined in another proceeding.

The writ is dismissed, and the child remanded to the custody of Mr. Wrisley.

The other Justices concurred.