[No. 8216.  Department Two.  September 8, 1910.]

## M. A. LIVELY et al., Respondents, v. J. A. HUSEBYE, Appellant.[1]

CORPORATIONS — ACTIONS — APPEARANCE — COURTS — JURISDICTION. Where a foreign corporation by special appearance tendered a plea to the jurisdiction raising an issue of fact as to whether it was doing business in this state, the appearance was sufficiently general to give the court jurisdiction to determine the issue of fact.

APPEAL—QUESTIONS REVIEWABLE—RIGHT TO ALLEGE ERROR.  Error in determining an issue of fact raised by a plea to the jurisdiction over a foreign corporation is reviewable only upon appeal by the corporation.

APPEAL—REVIEW—JUDGMENTS—PRESUMPTIONS — SERVICE OF PROCESS.  Upon appeal, and in the absence of any record as to service, personal service of process will be presumed in support of a personal judgment against a foreign corporation, in an action wherein the corporation appeared and tendered a plea to the jurisdiction, where the court found on that issue that the corporation had a branch office and was doing business in the county.

[1]Reported in 110 Pac. 673.

CORPORATIONS—STOCK—ACTIONS—COURTS—JURISDICTION—SPECIFIC PERFORMANCE. The courts of this state have jurisdiction of the subject-matter of an action brought by nonresidents to compel a foreign corporation to issue stock to the plaintiffs, where the president and secretary and the individual stockholder improperly in possession of the stock were residents of the state, the company had a branch office and was doing business in the state and where, in case of inability to enforce the decree, a money judgment for the value of the stock could be entered against the defendants.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to compel the issuance and transfer of the capital stock of a corporation. Affirmed.

*John O. Bender*, for appellant.

*Ben F. Tweedy, Elmer E. Halsey*, and *Chas. L. McDonald*, for respondents.

PARKER, J.—The plaintiffs are husband and wife, and seek to recover shares of the capital stock of the Fargo Gold and Copper Mining Company, a corporation, organized under the laws of North Dakota. By their complaint the plaintiffs alleged, in substance, that M. A. Lively (the wife) is the owner of the shares sought to be recovered; that the defendant company has a branch office in Asotin county, this state, is transacting corporation business therein, and that its president and secretary are both residents and citizens of that county; that the company has wrongfully issued the stock sought to be recovered to the defendant Husebye, who wrongfully withholds the same, and that the stock is worth $278,820. The prayer is for judgment compelling the defendant Husebye to transfer the stock to Mrs. Lively, compelling the corporation to transfer the same upon its books, and in the alternative for judgment against the defendants for the value of the stock. The defendant corporation filed in the case a paper which it denominated a "special appearance." This paper is in effect a plea to the jurisdiction of

the court, and tenders an issue of fact touching that question, by allegations as follows:

"The above named defendant, Fargo Gold & Copper Mining Company, appearing specially for the sole purpose of raising the question of jurisdiction of the court alleges:

"(1) That the Fargo Gold & Copper Mining Company is a corporation organized and existing under and by virtue of the laws of the state of North Dakota, and has its place of business in Fargo of said state, and that the plaintiffs and each of them are residents of the state of Idaho, residing at Lewiston of said state.

"(2) That said defendant has not now, and never did have any branch office or other office at Clarkston, in Asotin county, state of Washington, or at any other place in said state; that said defendant is not now transacting, and never did transact any corporation business, or any other business in said county or state at any place, or of any kind, or at any time; that said defendant has no property in the state of Washington, either real or personal, and has no statutory agent, or other agent, as provided by law, or required by law, or at all, on whom legal service of process may be made in said state.

"Wherefore, defendant prays the court for an order dismissing said action as against the defendant, Fargo Gold & Copper Mining Company, for the reason that the court has no jurisdiction of the same."

This plea is verified by the president of the corporation. The portions of the record brought here do not show any other appearance by the company. The defendant Husebye, by his separate answer, denies generally all the material allegations of the complaint, and sets up an affirmative defense containing allegations of a partnership relation existing between him and the plaintiffs, and also allegations of fraudulent acts practiced by them upon him and the corporation in connection with the title claimed by Mrs. Lively in certain mining claims transferred to the company in payment of her stock subscription. A trial resulted in findings and judgment in favor of the plaintiffs, for the transfer by the defendants to Mrs. Lively of 771,400 shares of stock, and that

upon the failure of defendants to make such transfer, Mrs. Lively to recover from them the sum of $115,710, found by the court to be the value of the stock. From this disposition of the case, the defendant Husebye alone has appealed.

A careful reading of the record, including all of the evidence, convinces us that the facts, so far as necessary for us to notice them, are the following: The defendant company is a North Dakota corporation, and at the time of the commencement of this action had a branch office in Asotin county, in this state, had been for some time transacting corporation business therein, and its president and secretary were then residents and citizens of that county. The plaintiffs are residents of Idaho. In 1901, the plaintiff Mrs. Lively and the defendant Husebye became jointly interested in certain mining claims in Oregon, each owning a one-half interest therein. Negotiations led to an agreement between them to organize a corporation to develop these claims. The corporation was to be organized with a capital stock of $150,000, divided into 3,000,000 shares of the par value of five cents per share. Mrs. Lively and Husebye were to each have 1,000,000 shares, and to pay for the same by conveying to the corporation these claims; the balance of the stock to be sold to raise money to develop the claims. The company was to be organized under the laws of North Dakota, that being the place of residence of Husebye and others whom it was expected would become interested in the enterprise. This agreement was the result of negotiations carried on in Oregon and North Dakota between Husebye and Mrs. Lively, and also between Husebye and Mr. Lively as her agent.

Thereafter, in August, 1901, in pursuance of this agreement, the defendant corporation was organized under the laws of North Dakota. The defendant Husebye became one of its original directors and its first secretary, and has remained such ever since. Thereafter the corporation ratified the agreement made between Husebye and Mrs. Lively as to each transferring their interest in the mining claims to the

corporation and receiving 1,000,000 shares of the capital stock, which were to be deemed as paid for by such transfer of claims. Thereafter the claims were accordingly conveyed to the corporation. Husebye and Mrs. Lively having sold portions of their stock, it was issued by the company to the person purchasing it, so that of the stock originally intended to go to Mrs. Lively for her interest in the claims there was left belonging to her 771,400 shares. Thereafter, a short time prior to the commencement of this action, without the knowledge or consent of Mrs. Lively, or of Mr. Lively, her agent, the corporation issued to Husebye all of the remaining stock belonging to both Husebye and Mrs. Lively ; Husebye thereby acquiring in his name Mrs. Lively's stock. The stock was worth $115,710. The learned trial court found against Husebye upon all of the affirmative allegations of his answer, relied upon by him to defeat Mrs. Lively's title to her stock.

No useful purpose would be served by a review of the issues or of the evidence in detail relating to the affirmative defense made by the defendant Husebye. There is practically nothing involved in those issues and the evidence thereon but questions of fact, and we deem it sufficient to say that we are satisfied that the trial court was clearly right in its conclusions upon this branch of the case. It is apparent that the facts established by the evidence, as above briefly summarized, entitled Mrs. Lively to a recovery of her stock as adjudged by the trial court, providing certain other questions involved be determined in favor of the respondents.

The principal contention of learned counsel for appellant is that the judgment against the corporation is void for want of jurisdiction. First, because of want of jurisdiction over the person of the corporation ; and second, because of want of jurisdiction over the subject-matter of the action. It is sought to have the judgment reversed and protect Husebye from the effect thereof because of want of jurisdiction to render it against the corporation, upon the theory that

it is a joint and entire judgment against the corporation
and the defendant Husebye, and that since it is void as to
the corporation, it can have no validity against the defend-
ant Husebye. We state this latter proposition only to show
the position of counsel; and since we think an examination
of the jurisdictional questions will render it apparent that
the judgment is not void as against the corporation, it will
not be necessary to notice the contention of counsel that the
judgment is such that, if void as to the corporation, it is also
void as to Husebye.

Did the trial court acquire jurisdiction over the person of
the corporation? Upon this question counsel for appellant
has entirely ignored the manner of the service of the summons
upon the corporation, and devoted his attention to its appear-
ance in the action, which he insists is only a special appear-
ance, and did not result in the court acquiring jurisdiction
over the person of the corporation, as a general appearance
would. We have noticed that this so-called special appear-
ance of the corporation was in effect a plea to the jurisdiction
of the court, and tendered an issue of fact upon which that
jurisdiction rested. Whatever may be said of the technical na-
ture of this appearance, the corporation thereby voluntarily
invoked the decision of the court upon a question of fact, the
decision of which would determine whether or not the court
had jurisdiction. That issue of fact was determined against
the corporation, and in such manner as to show that the
court had jurisdiction. Whether or not there was error in
that determination we will not now inquire, since the corpora-
tion has not appealed therefrom. It cannot now say that
there was want of jurisdiction to determine the question of
jurisdiction, in so far as that question rested upon facts which
the corporation's plea voluntarily put in issue. The appear-
ance of the corporation by that plea was at least sufficiently
general to give the court jurisdiction to decide that issue of
fact. It is true that the portions of the record brought here,
and only portions of it have been brought here, do not indi-

cate that the questions of fact thus raised were determined
prior to the trial of the cause upon the merits; do not indi-
cate the manner in which the issues raised by the corpora-
tion's plea, or the issues upon the merits, were brought on
for hearing; and do not indicate the appearance of the cor-
poration at the trial or otherwise than by the filing of the
plea.    These things, however, would involve questions of
error only, reviewable upon appeal; and the corporation has
not appealed.   12 Ency. Plead. & Prac., 119; 1 Black, Judg-
ments (2d ed.), 274; *McClure v. Paducah Iron Co.*, 90 Mo.
App. 567; *Ex parte. Kellogg*, 6 Vt. 509; *Peters v. Youngs*,
122 Mich. 484, 81 N. W. 263; *In re Wrisley*, 126 Mich. 109,
85 N. W. 456; *Baisley v. Baisley*, 113 Mo. 544, 21 S. W. 29,
35 Am. St. 726.

But let us suppose that the corporation did not appear at
all.    Even then, we cannot say there was a want of juris-
diction over the person of the corporation.    Counsel for ap-
pellant have not seen fit to bring here any parts of the record
relating to the nature of the service of summons upon the
corporation, and since the court has found, which finding we
think the evidence fully warrants, that the corporation had
a branch office and transacted corporation business in Asotin
county, and its president and secretary resided in and were
citizens of that county, and the court rendered a personal
judgment against the corporation after the corporation had
tendered an issue touching the facts upon which jurisdiction
depended, we must presume that there was personal service
of summons upon the corporation in Asotin county, in the
manner provided by § 226 of Rem. & Bal. Code.    The most
elementary rules touching presumptions in support of judg-
ments of courts of general jurisdiction leads to this conclu-
sion.    Bailey, Jurisdiction, § 109; 17 Am. & Eng. Ency.
Law (2d ed.), 1075; 11 Cyc. 691.    We conclude that the
portions of the record before us, and the presumptions aris-
ing therefrom, show that the learned trial court had juris-
diction over the person of the corporation, even though the
corporation did not appear in the action at all.

Did the court have jurisdiction over the subject-matter of the action? Learned counsel for appellant contends that it did not, because the matter here involved relates to a stock subscription and contract with a foreign corporation, and the internal affairs of a foreign corporation, and that such a controversy is subject exclusively to the laws of the state of the corporation's creation. This contention is substantially the same as that made in the case of *Guilford v. Western Union Telegraph Co.*, 59 Minn. 332, 61 N. W. 324, 50 Am. St. 407, where stock was sought to be recovered by an action in the courts of Minnesota against a New York corporation. Disposing of the contentions made by the corporation, Justice Mitchell, speaking for the court, said:

"If a citizen of this state held a certificate of stock in a foreign corporation, which was alleged to have been illegally issued, or to have for some cause become forfeited, we do not think there would be any doubt but that our courts would entertain a suit by the corporation to compel its surrender and cancellation. If so, why ought not a citizen of the state be allowed to maintain an action to compel the issue to him, as evidence of his title, of a new certificate in place of one that has been lost or destroyed? It is urged that if the courts of this state entertain jurisdiction of such a case they may impose different conditions upon the issue of the certificate from those that might be imposed by the courts of New York or of other states under the same state of facts. This must be conceded. It is one of the necessary imperfections in the administration of justice that courts of different, and even of the same, jurisdictions will differ as to the law applicable to the same state of facts. But it was never heard that this of itself was any reason why a court should not exercise jurisdiction. It is also contended that the courts of this state ought not to entertain the action because they have no means to enforce their decree by compelling the issue of a certificate. It is undoubtedly true that courts will not entertain an action where it is apparent that if a judgment was rendered they would be wholly unable to enforce it. But the mere fact that they may be unable to compel specific performance in a particular way is no reason why the suit

should not be entertained. If the defendant should refuse to issue certificates in accordance with the judgment, it would be entirely competent for the court, in accordance with the prayer of the complaint, to render judgment for the value of the stock. Our conclusion is that the action can be maintained."

As in that case, the court may be unable to compel specific performance of its judgment in a particular way, for want of jurisdiction over the internal affairs of the corporation; but that is no reason why the action should not be maintained. It is apparent that the judgment has been rendered· in accordance with the rights of the parties, and in such form that it will not be ineffectual. It is no different, in effect, from a judgment in replevin or a decree of specific performance where the property involved is beyond the reach of the court at the time of rendering judgment. The court had jurisdiction over the persons of both defendants, and power to render the judgment it did. It is true that the record in this case shows that the respondents are not residents of the state of Washington, but we are not able to see why that fact would result in denying them the right to appeal to our courts by resort to an action purely personal, both as to them and the defendants, when the defendant corporation is found with a branch office, the transaction of business, and its principal officers, to wit, its president and secretary, in the state of Washington, such officers being residents and citizens thereof; and the other defendant also a resident of the state. It may be stated in this connection that the respondents have not been residents of North Dakota since prior to the organization of the corporation in that state. Some other contentions are made by counsel for appellant, but we think they are without merit, and are not such as we feel called upon to discuss them. The judgment of the learned trial court is affirmed.

RUDKIN, C. J., CROW, DUNBAR, and MOUNT, JJ., concur.