JOSEVIG-KENNECOTT COPPER CO. v. JAMES F. HOWARTH CO.

(Circuit Court of Appeals, Ninth Circuit.   December 1, 1919.)

No. 3353.

1. APPEAL AND ERROR ⬅157—ESTOPPEL TO APPEAL BY COMPLIANCE WITH DECREE.
    Compliance with the judgment or decree of a court by payment or performance is no bar to an appeal or writ of error for its reversal, where repayment or restitution may be enforced, or the effect of the compliance otherwise undone, in case of reversal.

2. COURTS ⬅359—JURISDICTION OF FEDERAL COURTS IN LOCAL OR TRANSITORY ACTION GOVERNED BY STATE LAW.
    In determining the jurisdiction of a federal court, whether an action is local or transitory is governed by the law of the state.

3. COURTS ⬅269—SUIT FOR SPECIFIC PERFORMANCE A "LOCAL ACTION."
    A suit for specific performance of a contract by a corporation to deliver shares of its stock to complainant is not local, within Rem. & Bal.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Code Wash. § 204, but transitory, under the law of the state as established by decision.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Action.]

4. USURY ⊗═37—CONTRACTS INVOLVING CONTINGENCY.

The usury statutes *held* to have no application to a contract to furnish money for the exploitation of undeveloped mining property, to be repaid only if the venture was successful.

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Suit in equity by the James F. Howarth Company against the Josevig-Kennecott Copper Company. Decree for complainant, and defendant appeals. Affirmed.

Merritt, Lantry & Merritt, of Spokane, Wash., and Roberts, Wilson & Skeel, of Seattle, Wash., for appellant.

J. F. Ailshie, of Cœur d'Alene, Idaho, and Lester P. Edge and Joseph McCarthy, both of Spokane, Wash., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellee, in a suit against the appellant and its trustees for the specific performance of a contract, obtained a decree requiring the appellant to transfer to the appellee 260,-000 shares of the appellant's treasury stock. The appellee moves to dismiss, on the ground that since the decree the appellant has complied therewith and transferred the stock to the appellee, and the latter has sold and disposed of the same to a number of purchasers, who now own the same.

[1] The appellant by its affidavit shows that the said stock was issued and transferred to the appellee more than 90 days after the date of the decree, and when a supersedeas could not be had, and that this was done solely because of duress exercised by the appellee by means of threats to institute contempt proceedings for the appellant's failure to comply with the order of the court. There having been no judgment for costs in the court below, the appellee argues that there is no longer a pending controversy between the parties to the suit. It is true that courts do not try academic questions, where neither party will be affected by the result; but by the decided weight of authority it is established that compliance with the judgment or decree of a court by payment or performance "is no bar to an appeal or writ of error for its reversal, particularly where repayment or restitution may be enforced, or the effect of the compliance may be otherwise undone, in case of a reversal." 3 C. J. 675. In Dakota County v. Glidden, 113 U. S. 222, 5 Sup. Ct. 428, 28 L. Ed. 981, the court said:

"There can be no question that a debtor against whom a judgment for money is recovered may pay that judgment and bring a writ of error to reverse it, and if reversed can recover back his money, and a defendant in an action of ejectment may bring a writ of error, and, failing to give a supersedeas bond, may submit to the judgment by giving possession of the land, which he can recover, if he reverses the judgment, by means of a writ of

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

restitution. In both these cases the defendant has merely submitted to perform the judgment of the court, and has not thereby lost his right to seek a reversal of that judgment by writ of error or appeal."

In O'Hara v. McConnell, 93 U. S. 150, 23 L. Ed. 840, it was held that the making of a conveyance as ordered by the decree of the court does not deprive the defendant of the right of appeal. The court said:

"The parties must either have obeyed the order of the court, or taken an appeal, and given a supersedeas bond in a sum so large that they were probably unable to do it."

In Erwin v. Lowry, 7 How. 172, 184 (12 L. Ed. 655), the court said:

"In no instance within our knowledge has an appeal or writ of error been dismissed on the assumption that a release of errors was implied from the fact that money or property had changed hands by force of the judgment or decree. If the judgment is reversed, it is the duty of the inferior court, on the cause being remanded, to restore the parties to their rights."

Those cases were followed by this court in Hoogendorn v. Daniel, 202 Fed. 431, 120 C. C. A. 537.

If the decree herein were reversed, and the cause remanded, and the court below were to find in favor of the appellant, that court would not be powerless to afford the appellant substantial relief, notwithstanding that the shares of stock have been transferred to the appellee. The motion is denied.

It is contended that the court below was without jurisdiction of the cause. The appellee brought the suit in the District Court for the Eastern District of Washington, against the appellant and another corporation, each of which had its principal place of business in the Western district of Washington, and made parties defendant certain individuals, citizens of Washington, who resided in the Eastern district. It is admitted that the court below had jurisdiction under section 52 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. § 1034]), unless the suit was one of a local nature within the terms of section 204, Rem. & Ball. Codes of Washington, which makes local "all questions involving the rights to the possession or title to any specific article of personal property."

[2, 3] The appellee contends, and the court below held, that the suit was not local, but transitory. It is admitted that the question whether the action is local or transitory is to be determined by the law of the state. Potomac Milling & Ice Co. v. Baltimore & O. R. Co. (D. C.) 217 Fed. 665; Kentucky Coal Lands Co. v. Mineral Dev. Co., 219 Fed. 45, 133 C. C. A. 151; Huntington v. Attrill, 146 U. S. 657, 669, 13 Sup. Ct. 224, 36 L. Ed. 1123. The Supreme Court of Washington has held transitory a suit for the specific performance of an agreement to convey realty, Morgan v. Bell, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; an action to enforce a trust in real and personal property, State ex rel. Scougale v. Superior Court, 55 Wash. 328, 104 Pac. 607, 133 Am. St. Rep. 1030; an action to reform a deed, Rosenbaum v. Evans, 63 Wash. 506, 115 Pac. 1054; and an action to recover for the use and occupation of land in another state, Sheppard v. Cœur d'Alene Lumber Co., 62 Wash. 12, 112 Pac. 932, 44 L. R. A. (N. S.) 267, Ann. Cas. 1912C, 909. Directly in point is Lively v. Huseby, 60 Wash. 47, 110 Pac. 673,

in which the suit was brought to recover certain shares of stock issued to the defendant Huseby and to compel a foreign corporation to transfer the stock upon its books; the corporation having a branch office in the county in which the action was brought, and having there its president and secretary. It was held that the state court had jurisdiction of the subject-matter, and that, if there were inability to enforce the decree, a money judgment for the value of the stock might be entered. The court cited with approval Guilford v. Western Union Tel. Co., 59 Minn. 332, 61 N. W. 324, 50 Am. St. Rep. 407, where an action was held transitory which was brought against a foreign corporation to compel the issuance of a new stock certificate.

The appellant seeks to distinguish the Huseby Case from the case at bar by pointing to the fact that the shares which the plaintiffs there sought to recover were in the possession of Huseby in the county where the action was brought. That fact, however, did not affect the question of the jurisdiction of the court to entertain the cause as against the foreign corporation. The present suit does not involve the right to the possession or the title of any specific article of personal property. It involves only the specific performance of a contract to deliver a certain number of shares of the stock of a corporation. The decree does not act in rem, but in personam. Section 206 of the Washington Code provides that an action against a corporation may be brought in any county where the corporation transacts business, or where it has an office for the transaction of business or any person resides upon whom process may be served against such corporation. Hayworth v. McDonald, 67 Wash. 496, 121 Pac. 984. The president of the appellant resided in the Eastern district of Washington, and in that district the contract here involved was entered into. We think that the court below had jurisdiction of the cause, and we find nothing in Jellenik v. Huron Copper Min. Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647, which leads to a different conclusion.

We find no ground to sustain the contention that the court below erred in finding on the merits in favor of the appellee. The contract was in writing, and was entered into between the appellee and George Francis Rowe, therein represented to be the sales manager and fiscal agent of the appellant, with power to sell 1,000,000 shares of the appellant's treasury stock. The appellant asserts that the appellant was not informed of this contract until several months after it was executed. But the controlling facts are that on July 17, 1916, the date on which the contract was entered into, the appellant by its president wrote to the Scandinavian-American Bank, informing it that 1,000,000 shares of the appellant's treasury stock were deposited with it, and that the bank was authorized to issue to the appellee 260,000 shares thereof, and that on July 18, 1916, the appellee, together with all the stockholders of the appellant, entered into a pooling agreement, in which the appellee was represented as holding 260,000 shares of the appellant's stock.

[4] Also without merit is the contention that the contract was usurious. The contract provided that the appellee should advance to the appellant $10,000, "to be used in the exploitation of said copper com-

pany," that out of the proceeds of the sale of stock of the company 25 cents per share should be set apart for the repayment of the appellee, that as additional consideration for services rendered the appellee should receive 260,000 shares of the promotion stock, and that if the stock-selling campaign should prove unsuccessful the appellant should not be obligated to repay the appellee the money so advanced. The usury statutes "have no application to those uncertain transactions in which the person who furnishes the money needed incurs risk of losing in whole or in part the principal sum loaned." 39 Cyc. 943; Lloyd v. Scott, 4 Pet. 205, 7 L. Ed. 833; Spain v. Hamilton's Adm'r, 1 Wall. 604, 17 L. Ed. 619; White Water Valley Canal Co. v. Vallette, 21 How. 414, 16 L. Ed. 154; Provident Life & Trust Co. v. Fletcher (D. C.) 237 Fed. 104; Truby v. Mosgrove, 118 Pa. 89, 11 Atl. 806, 4 Am. St. Rep. 575; Knight v. American Inv. & Imp. Co., 73 Wash. 380, 132 Pac. 219; Case v. Fish, 58 Wis. 56, 15 N. W. 808. Here the appellee loaned money for the exploitation of undeveloped mining property, with the understanding that he was to be repaid in the event that the mining venture was successful. To deny that the event so contemplated was an uncertain contingency is to gainsay common knowledge and experience.

The decree is affirmed.