## Turner v. McDermott Contracting Corp.

*Henderson, Parshall & Chow,* and *Sefton Darr,* for plaintiff.

*Linn V. Phillips,* for defendant.

CARR, J., February 21, 1945.—This is a proceeding in foreign attachment brought to collect a balance of

$6,600 and interest thereon alleged to be due upon a promissory note drawn and made payable in the District of Columbia. The defense is usury in the note in suit and in other transactions between the parties paid in an amount exceeding the principal debt. By agreement filed of record the case was submitted for trial without a jury. Upon the evidence we make the following

### Findings of fact

1. On January 21, 1942, at the City of Washington, in the District of Columbia, McDermott Contracting Corporation, defendant, a corporation organized and existing under the laws of Delaware, having its principal place of business in said City of Washington, made its promissory note dated that day in the amount of $14,000 payable at its said place of business four months after the date thereof, with interest at the rate of six percent per annum, to the order of Russell F. Barrett, and then and there delivered the same to Lloyd R. Turner, plaintiff. Said Barrett had no interest in the transaction, having been designated as payee therein as a fictitious person at plaintiff's instance and request.

2. The consideration for said note for $14,000 was a loan of $10,000 made by plaintiff to defendant to enable defendant to obtain labor and materials for the performance of a construction contract at Falls Church, Va. By the terms of an agreement in writing between plaintiff and defendant dated the day of the loan, it was stipulated that the sum of $4,000 in excess of the actual loan was included in the principal amount of the note "not as interest upon such loan, but as security for the payment . . . of $4,000 out of the profits of the transaction for which the above-mentioned loan is to be made, namely, that certain contract between the corporation above and the C. B.

Ross Company, Inc., and the completion and performance of the same at Falls Church, Va."

3. Defendant made the following payments on said note previous to July 29, 1942, viz: $5,000 on April 10, 1942; $1,500 on June 26, 1942; and $1,500 on July 28, 1942; a total of $8,000, of which $600 was on July 29, 1942, credited to interest, and $7,400 to principal.

4. On July 29, 1942, plaintiff and the president of defendant corporation agreed in writing, by endorsement made on the back of said note, that defendant had paid all interest to that date and $7,400 on the principal, and that the balance then due was $6,600. The balance of $6,600 was arrived at by crediting to accrued interest for the period from January 21, 1942, to July 29, 1942, $600 of the $8,000 previously paid as shown in our third finding.

5. On the construction contract at Falls Church, Va., referred to in our second finding, defendant sustained a loss of $2,196.96.

6. The note shown in our first finding is one of four independent transactions of the same nature between plaintiff and defendant in the District of Columbia, as follows:

| Date and Amount of Loan | | Amount of Note | Amount Paid |
|---|---|---|---|
| (A) Jan. 21, 1942. | $10,000.00 | $14,000.00 | $8,601.00 |
| (B) March 1942.. | 8,000.00 | 10,000.00 | 10,000.00 |
| (C) April 1942... | 3,000.00 | 3,150.00 | 3,060.13 |
| (D) May 1942 ... | 300.00 | 375.00 | 376.88 |
| Totals ..... | $21,300.00 | $27,525.00 | $22,038.01 |

The total sum of $22,038.01 paid on the transactions identified as (A), (B), (C), and (D) above, (A) being the note in suit, was received by plaintiff from defendant in instalments during the period from April 10, 1942, to November 30, 1942, both dates inclusive, and applied by plaintiff as shown below, viz:

| Date | Payment | Application |
|---|---|---|
| April 10, 1942... | $5,000.00 | All on Item (A) |
| May 1, 1942..... | 2,157.88 | All on Item (C) |
| May 7, 1942..... | 2,500.00 | All on Item (B) |
| May 14, 1942.... | 5,000.00 | All on Item (B) |
| June 5, 1942.... | 376.00 | All on Item (D) |
| June 16, 1942 ... | 902.25 | All on Item (C) |
| June 26, 1942... | 4,000.00 | $2,500 on Item (B), $1,500 on Item (A) |
| July 28, 1942... | 1,500.00 | All on Item (A) |
| November 30, 1942 | 601.00 | As consideration for extension of Item (A) |

No specific direction for the application of any of said payments was at any time given by defendant to plaintiff.

7. Sections 2701, 2702, 2703, 2704, and 2705 of title 28, chap. 27, of the Code of Laws of the District of Columbia provide as follows:

"2701: The rate of interest in the District upon the loan or forbearance of any money, goods, or things in action, and the rate to be allowed in judgments and decrees, in the absence of express contract as to such rate of interest, shall be six dollars upon one hundred dollars for one year, and at that rate for a greater or less sum or for a longer or shorter time: *Provided*, That interest, when authorized by law, on judgments against the District of Columbia, shall be at the rate of not exceeding 4 per centum per annum. (Mar. 3, 1901, 31 Stat. 1377, ch. 854, §1178; July 1, 1902, 32 Stat. 610, ch. 1352.)"

"2702: The parties to a bond, bill, promissory note, or other instrument of writing for the payment of money at any future time may contract therein for the payment of interest on the principal amount thereof at any rate not exceeding eight per centum per annum. (Mar. 3, 1901, 31 Stat. 1377, ch. 854, §1179; Apr. 19, 1920, 41 Stat. 568, ch. 153.)"

"2703: If any person or corporation shall contract in the District, verbally, to pay a greater rate of interest than six per centum per annum, or shall contract, in writing, to pay a greater rate than eight per centum per annum, the creditor shall forfeit the whole of the interest so contracted to be received: *Provided*, That nothing in this chapter contained shall be held to repeal or affect sections 26-601 to 26-611. (Mar. 3, 1901, 31 Stat. 1377, ch. 854, §1180; June 30, 1902, 32 Stat. 542; ch. 1329; Apr. 19, 1920, 41 Stat. 568, ch. 153.)"

"2704: If any person or corporation in the District shall directly or indirectly take or receive any greater amount of interest than is herein declared to be lawful, whether in advance or not, the person or corporation paying the same shall be entitled to sue for and recover the amount of the unlawful interest so paid from the person or corporation receiving the same, provided said suit be begun within one year from the date of such payment. (Mar. 3, 1901, 31 Stat. 1377, ch. 854, §1181.)"

"2705: In any action brought upon any contract for the payment of money with interest at a rate forbidden by law, as aforesaid, any payments of interest that may have been made on account of said contract shall be deemed and taken to be payments made on account of the principal debt, and judgment shall be rendered for no more than the balance found due after deducting and properly crediting the interest so paid; but no bona fide indorsee of negotiable paper purchased before due shall be affected by any usury exacted by any former holder of said paper unless he had notice of the usury before his purchase. (Mar. 3, 1901, 31 Stat. 1378, ch. 854, §1182; June 30, 1902, 32 Stat. 542, ch. 1329.)"

### Discussion

Though plaintiff in his testimony has admitted all the facts that we have found except the lack of profits

on the construction contract, and in his counsel's brief concedes that the item of $600 credited on the note in suit as interest for the period from January 21, 1942, to July 29, 1942, and the item of $601 paid on November 30, 1942, for an extension of time as shown in our third finding, are both usurious, he contends (1) that the $4,000 contracted for in excess of the amount of the loan is not usurious, having been contracted for in terms, not as interest, but as a share in the profits of the construction contract the performance of which the loan made possible, and (2) that the acknowledgment by defendant on July 29, 1942, of a balance of $6,600 then due constitutes a voluntary affirmation of the existence of profits of $4,000 or more which defendant is estopped to deny.

It is true that when money is lent for a business venture to be repaid on a contingency that may never happen, as the arrival of a ship, the lender may lawfully contract not only for legal interest, but also for a share in the profits, since in such case he risks the loss of his capital: Philip v. Kirkpatrick, 1 Add. 124; Truby v. Mosgrove et al., 118 Pa. 89; 66 C. P. 194, §104. Here, however, plaintiff did not put his capital at hazard, for the full $10,000 advanced was to be repaid absolutely and at all events, and it is to be seen that he was to receive for the use of this money compensation at the rate of more than 128 percent per annum. Moreover, he expressly contracted not only for interest at the rate of six percent per annum on the $10,000 that he actually lent, but also for interest at the same rate on the $4,000 that he did not lend. No mere form of words can disguise these obvious facts. Money exacted by the lender from the borrower for the use of money in excess of the legal rate allowed by statute is usury, under whatever name or pretense the exaction may be designated: Von Rosen v. Dean, 59 App. D. C. 359, 41 F. (2d) 982. Hence, it can make no dif-

ference whether there were profits on the construction contract or not; but even if it were otherwise, the principle of estoppel could have no application, there being no evidence that the assent by defendant to the endorsement on the note induced any action or forbearance on the part of plaintiff: A. L. I. Restatement of Contracts, secs. 90, 470a.

The statutes of the District of Columbia recited in our seventh finding are construed by the courts of the district as requiring a forfeiture of the whole amount of the interest contracted for on a usurious loan, and not merely that part of it that is in excess of the legal rate: Quinn et al. v. National Mortgage & Investment Co. et al., 57 F.(2d) 410. Accordingly, our judgment will include no interest for any period previous to the filing of this decision.

The amount of the judgment, which will be $1,399, is arrived at by charging defendant with the $10,000 that he received and crediting him with the payments aggregating $8,601 shown in our third finding. No set-off or counterclaim can be allowed for the apparent usury paid by defendant on the independent transactions shown in our sixth finding, since recovery thereof is now barred by the one-year limitation contained in the District Code. Nor are we at liberty to change the application made by plaintiff of the payments received by him, he having been entitled to apply them as he did in the admitted absence of any direction by defendant.

### Conclusions of law

1. All questions in dispute are to be determined by the law of the District of Columbia.

2. All sums contracted for by the terms of the note in suit in excess of $10,000 and interest thereon from January 21, 1942, at the rate of six percent per annum were contracted for unlawfully and constitute usury.

3. The sum of $600 credited to interest on said note for the period from January 21, 1942, to July 29, 1942,

as shown in our third and fourth findings, was contracted for unlawfully, constitutes usury, and is to be deemed and taken as a payment made on account of the principal debt.

4. The sum of $601 paid by defendant to the plaintiff on November 30, 1942, for a previous extension of the maturity of said note, as shown in our third finding, was contracted for unlawfully, constitutes usury, and is to be deemed and taken as a payment made on account of the principal debt.

5. Plaintiff forfeits the whole of the interest contracted to be received on said note.

6. Defendant is not entitled to setoff or counterclaim interest in excess of the legal rate paid on the independent transactions shown as (B), (C), and (D) in our sixth finding.

7. Plaintiff is entitled to judgment against defendant in the amount of $1,399, with interest thereon at the rate of six percent per annum from the date of the filing of this decision.

### Order

And now, February 21, 1945, the prothonotary is directed forthwith to give notice of the filing of the foregoing decision to the parties hereto, or their attorneys, and at the expiration of 30 days after service of said notice to enter judgment in accordance with the decision, unless exceptions shall have been filed thereto.