PETER NICHOLS, Respondent, *v.* PETER VOORHIS et al., Appellants.

An action to vacate and set aside an assessment, which is an apparent lien upon real property, is not an action "affecting the title to real property or an interest therein," within the meaning of the amendment of 1874 to section 11 of the Code (chap. 322, Laws of 1874) limiting appeals; and

where the subject in controversy in such an action is less than $500 it is not appealable.

To take a case out of the limitation it is not sufficient that the action relates to real property or in some way affects it; it must itself affect the title or an interest therein.

(Argued March 27, 1878; decided May, 21, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order reversing a judgment in favor of defendants, which was entered upon an order sustaining demurrers to plaintiff's complaint.  (Reported below, 9 Hun, 171.)

This action was brought to vacate and set aside an assessment of $435.94 upon certain lands of plaintiff for a highway improvement as a cloud on title, and to restrain the enforcement thereof.   Defendants separately demurred to the complaint.

*Sam'l J. Crooks,* for appellants.

*C. P. Hoffman,* for respondent.

*Per Curiam.*  This case is not appealable to this court, for the reason that the amount in controversy is less than $500.   The assessment complained of is only $435.94.

Unless, therefore, the action is one "affecting the title to real property or an interest therein," the appeal was unauthorized.   (Laws of 1874, chap. 322.)

It is not sufficient that the action relates to real property or in some way affects it; it must itself affect the title or an interest therein.   An action to recover the possession of real property, or to set aside or to compel a conveyance thereof or for the partition thereof, is of the latter description.   An action for an injury thereto or to foreclose a lien thereon is of the former description.  (*Wheeler* v. *Scofield,* 67 N. Y., 311.)   This is not an action to impose an assessment, but to have one declared void.   The sole object is to procure an adjudication that an assessment which is an appu-

rent lien upon real property is not a lien. The action does not affect, destroy, determine or change any title.

If the final judgment in such an action declares the assessment to be void, it in no way affects the title to real property or an interest therein. If it declares the assessment to be valid, the same is true, because the validity of the assessment is then due, not to the judgment, but to the proceedings in which it was imposed.

If this could be said to be an action affecting the title to real property or an interest therein, the same could be said of every action in which a judgment is sought which will be a lien upon real property, and under which such property could be seized and sold.

We have, therefore, no jurisdiction of this appeal, and it must be dismissed with costs without any discussion of the merits involved.

All concur.

Appeal dismissed.