[No. 1321.]

THOMAS DIXON, Appellant, *v.* JERRY AHERN, Respondent.

Relation of Landlord and Tenant—Trespasser.—The adverse occupation of lands by a person without recognizing the owner as his landlord, or without any agreement, express or implied, to hold under and in subordination to him, is a mere trespass and is insufficient to establish the relation of landlord and tenant.

Appeal from the District Court of the State of Nevada, Eureka county.

*R. R. Bigelow*, District Judge, presiding at trial.

The facts sufficiently appear in the opinion.

*Thomas Wren, R. M. Beatty* and *Henry Rives*, for Appellant.

I.    The appellant proved his ownership and possession of the land at the time respondent's wood was hauled upon it, and after such proof it was error for the court to grant a non-suit.

II.    The proof shows that respondent, by his language and conduct, led appellant to believe, and appellant had a right to believe, that respondent would be responsible for the use and occupation of the premises.

*Baker & Wines*, for Respondent.

I.    An action for use and occupation cannot be sustained in the absence of either an express or implied contract creating the relation of landlord and tenant.

II.    The rule is well settled, that if the court can see that a verdict for the plaintiff must be set aside in a given case, then the proper practice is to grant a non-suit, if it is asked for by the defendant. (*Geary* v. *Simmons*, 39 Cal. 224; *Ensminger* v. *McIntire*, 23 Cal. 593.)

III.    At the time the statement on appeal was filed, served and settled, it could not, so far as any examination of the evidence is concerned, be considered by this court. (*Mandlebaum* v. *Liebes*, 17 Nev. 131; *White Pine County* v. *Herrick*, 19 Nev. 311.)

By the Court, MURPHY, J.:

This case came before this court on appeal from the refusal of the judge of the district court to give an instruction asked for by the appellant (respondent here) on that hearing, and was remanded for a new trial. (19 Nev. 425.) The issues involved are the same. It is therefore unnecessary to state the facts of the case for the purposes of this opinion.

This appeal is taken from a judgment of non-suit entered upon defendant's motion.

The only question for us to determine is, are the facts introduced by the plaintiff in this case sufficient to establish the relationship of landlord and tenant. We think not. All the elements requisite to create the relationship of landlord and tenant are lacking; that is, the assent of the landlord on the one side, and the recognition of the landlord's title by the tenant. The defendant in this case entered upon the premises without the

knowledge or consent of the plaintiff, and never did, by word or act, so far as the record shows, recognize the plaintiff's title. Defendant was a trespasser, and not a tenant; and the mere fact that he said : "If I owned the wood, I would pay the rent," does not create the relationship of landlord and tenant. In order to have that effect, the defendant should have recognized the plaintiff's title and agreed to hold under him and in subordination to it. (1 Wood, Landl. & Ten. Sec. 1; Tayl. Landl. & Ten. Sec. 21; *Central Mills* v. *Hart*, 124 Mass. 125; *Leonard* v. *Kingman*, 136 Mass. 124.) To create the relation of landlord and tenant, an agreement, either express or implied, must exist. Neither appears from the facts in this case. All the authorities establish the principle that where a person occupies the land of another, not as a tenant but adversely, or where the circumstances under which he enters show that he does not recognize the owner as his landlord, this form of action will not lie. (*Pico* v. *Phelan*, 77 Cal. 86.)

From the evidence introduced on the part of the plaintiff on the trial of this cause, he could not recover; therefore the nonsuit was properly granted. Judgment affirmed.