[No. 8374. Department One. October 23, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Frank J. Scougale et al., Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Respondent*.[1]

MANDAMUS—WHEN LIES—CHANGE OF VENUE—REMEDY BY APPEAL. The remedy by appeal is inadequate, and mandamus lies to correct an improper change of venue; since the supreme court cannot assume that jurisdiction will be assumed in the wrong county; nor on appeal from a judgment in such county, direct a trial in the proper county.

VENUE—CHANGE—TRANSITORY ACTION. An action to establish and enforce a trust in real and personal property is transitory, as the decree acts *in personam*, and the venue is properly changed to the county of defendants' residence.

Application filed in the supreme court, September 28, 1909, for a writ of mandate directing the superior court for Pierce county, Shackleford, J., to proceed with the trial of a cause, after granting a change of venue on application of the defendants. Writ denied.

*Fogg & Fogg* and *Jesse Thomas*, for relators.

*Coleman & Fogarty*, for respondent.

[1]Reported in 104 Pac. 607.

Gose, J.—The relators brought an action, in the superior court of Pierce county, against Dominic Cavalero and wife and Norval McGhie and wife, as defendants. The complaint, in substance, states that, in the fall of 1906, the relator Frank J. Scougale held options for the purchase of the standing timber on certain tracts of land in Pierce county; that he induced the defendants to take a one-third interest each therein; that the relator thereupon, at the instance of the defendants, closed the options, purchased other adjoining timber land in fee, paying therefor with money furnished by the defendants; that the title was taken in the name of the Gig Harbor Timber Company; that each of the parties owned a one-third interest in the joint adventure, the defendants to be paid for the relator's interest by a sale of the logs; that the defendants, in violation of their agreement with the relator to cut and remove the timber from the land upon which the options were obtained, permitted the options to expire without doing so, to the damage of the relators in the sum of $42,000; that the defendants now deny that the relators have any interest in either the land or the timber, and have procured contracts extending the time for removing the timber in the name of defendant Cavalero or his son.

The relators prayed, (1) that their title be established to an undivided one-third interest in the land and timber; (2) that the land and timber be sold and the proceeds divided between the parties according to their several interests; and (3) for a judgment for damages. Thereupon the defendants in due form applied to the court for a change of venue to Snohomish county, the place of their residence. The relators resisted the application, on the ground that the title to real and personal property was involved, and the action was local, under the provisions of our code, Bal. Code, § 4852 (P. C. § 308). This objection was overruled, and the application allowed. The relators thereupon applied to this court for a writ of mandate, directing the court below to proceed with the trial of the cause, basing their right to the writ

upon the same grounds urged in the court below against granting the application.

The respondent demurred to the application, and first urges that the relators have an adequate remedy by appeal, and that mandamus does not lie. This view is not sustainable. If the change of venue was erroneously made, we cannot presume that the superior court of Snohomish county will assume to exercise jurisdiction; nor could we, upon an appeal from that court, direct the superior court of Pierce county to proceed with the trial. The remedy by appeal is therefore inadequate. *State ex rel. Wyman etc. Co. v. Superior Court*, 40 Wash. 443, 82 Pac. 875, 111 Am. St. 915, 2 L. R. A. (N. S.) 568; *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395.

The respondent next urges that the action is transitory. In its final analysis the purpose of the action, aside from the question of damages, is to establish and enforce a trust in real and personal property. In such cases the decree acts *in personam*, and the action is a transitory one. *State ex rel. Campbell v. Superior Court*, 7 Wash. 306, 34 Pac. 1103; *Massie v. Watts*, 6 Cranch 148, 3 L. Ed. 181; *LeBreton v. Superior Court*, 66 Cal. 27, 4 Pac. 777.

The writ will be denied.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.