[No. 8826.    Department One.    January 28, 1911.]

HULDAH A. SHEPPARD, *Appellant*, v. COEUR D'ALENE LUMBER
COMPANY, LIMITED, *et al.*, *Respondents.*[1]

EVIDENCE — FOREIGN LAWS — PRESUMPTIONS. Laws of another
state are presumed to be the same as our own, in the absence of
pleading or proof.

VENUE—TITLE TO REAL PROPERTY—USE AND OCCUPATION. An ac-
tion under Rem. & Bal. Code, § 8805, for the recovery of reasonable
rent from a tenant by sufferance, is not an action affecting the title
to real property, within Id., § 204, laying the venue in the county
where the same is situated, although the answer sets up title in the
defendants and brings the title incidentally in issue.

LANDLORD AND TENANT—RENTS—ACTIONS—STATUTES—TENANT BY
SUFFERANCE. Rem. & Bal. Code, § 8805, authorizing an action to
recover reasonable rents from a tenant by sufferance, changes the
common law rule that such rent is not recoverable, and the action
lies against one claiming an adverse title, where the possession was
not adverse and hostile in the beginning, but was obtained under
an express written contract.

CHADWICK and MOUNT, JJ., dissent.

Appeal from a judgment of the superior court for Spokane
county, Hinkle, J., entered January 6, 1910, granting a non-
suit, in an action to recover rents. Reversed.

*H. N. Martin, H. P. Knight, O. C. Moore*, and *Richard G.
Hutchinson*, for appellant.

*R. E. McFarland* and *Wakefield & Witherspoon (A. C.
Shaw*, of counsel), for respondents.

GOSE, J.—This is a suit to recover rent for the use and
occupation of real estate, situate in the state of Idaho. At
the close of plaintiff's case, a judgment of nonsuit was en-
tered, and she has appealed.

It is alleged that, for some time prior to October, 1903,
the respondent corporation, limited, occupied the premises

[1]Reported in 112 Pac. 932.

under a lease which expired on that day; that it continued to occupy the premises until the 19th day of February, 1904, and that the other respondent has since occupied and been in possession of the premises; and that the two respondents, while differing in name, "are identical in interest," and that the stock of the two corporations, "is owned and the business affairs and the management thereof are under the direction and control of the same persons."

The respondent Coeur d'Alene Lumber Company pleads affirmatively that, for more than ten years last past, it and its predecessors in interest have owned the premises in fee simple, and have been and continue "in open, notorious possession" thereof, and have paid the taxes levied thereon by the county in which it is situated. This was put in issue by the reply. At the trial it was shown by documentary evidence that the respondents have been adjudged to be trespassers upon the land, by a judgment entered in the district court of the first judicial district of Idaho, and that the judgment has been affirmed by the supreme court of that state. The appellant bases her right to recover upon Rem. & Bal. Code, § 8805, which provides:

"Whenever any person obtains possession of premises without the consent of the owner or other person having the right to give said possession, he shall be deemed a tenant by sufferance merely, and shall be liable to pay reasonable rent for the actual time he occupied the premises, and shall forthwith on demand surrender his said possession to the owner or person who had the right of possession before said entry, and all his right to possession of said premises shall terminate immediately upon said demand."

In the absence of pleading and proof that the laws of the state of Idaho are different from the laws of this state, they will be presumed to be the same. *Gunderson v. Gunderson*, 25 Wash. 459, 65 Pac. 791.

The judgment of nonsuit was entered on the ground that the action is one "affecting the title" to real property, and that the court was without jurisdiction. This is the only

question presented for our determination. Rem. & Bal. Code, § 204, provides that actions "for the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title or for any injuries to real property," shall be commenced in the county in which the subject of the action, or some part thereof, is situated. We do not think the action affects the title to the property within the meaning of the statute. The purpose of the action is to recover a money judgment for the reasonable rental value of the property. In other words, the action is for the breach of an implied contract. Under the averments of the complaint, the respondents are tenants by sufferance and liable for the reasonable rental value. The fact that the answer sets up title in the respondent, and brings the title incidentally into issue, does not make the action a local one. It is not sought to obtain a judgment which will in any manner affect title. That question must be left to the courts of the forum *rei sitae*. If a suit was brought in the courts of this state upon a promissory note, and the answer alleged that the consideration for the note was the sale and conveyance of real property in another county or state, and that there was no title to the property conveyed, a like question would be presented. Obviously such an action would be transitory. This view, we think, is supported by the authorities. *Henwood v. Cheeseman*, 3 Serg. & R. (Pa.) 500; *Menominee River Lumber Co. v. Philbrook*, 78 Wis. 142, 47 N. W. 188; *Hogg v. Mack*, 53 Hun 463; *Nichols v. Voorhis*, 74 N. Y. 28; *Schroeder v. Wittram*, 66 Cal. 636; *Smith v. Schlink*, 6 Colo. App. 228; 12 Ency. Plead. & Prac. 852; 2 Taylor, Landlord & Tenant (8th ed.), 625; *Morgan v. Bell*, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *State ex rel. Scougale v. Superior Court*, 55 Wash. 328, 104 Pac. 607.

In the *Henwood* case, it was held that the courts of Pennsylvania had jurisdiction of an action of assumpsit for the use and occupation of land lying in the state of New Jersey; that

the action was founded on privity of contract, not privity of estate, and that, "when the title is incidental the court possessing jurisdiction of the contract which is in its nature transitory, may even inquire into the very title let the lands lie where they may." The *Menominee* case was an action for the unlawful detention of premises after the expiration of the lease. The action was commenced before a justice of the peace. The defendant pleaded facts showing that it was the owner of the equitable title to the property. It was held that, if the facts stated in the answer were true, the defendant was the equitable owner of the premises, and that the relation of landlord and tenant did not exist between the parties, but that the title to the land was not involved within the meaning of the statute. The *Hogg* case was an action to recover money paid on a written agreement for the purchase of real estate. The complaint alleged that the defendant agreed to convey the premises in fee simple free from all incumbrances, but that owing to certain defects and incumbrances, the defendant could not convey a good and clear title as he had agreed to do. The defense was that the defendant had a good title and was ready to convey it to the plaintiff. The action was not brought in the county where the land was situated, and it was contended that, under the New York statute, which is similar to ours, the action was local. It was held that the real purpose of the suit was to recover a judgment for money, and that the fact that the question of title to real estate may have to be passed upon in a suit does not make it imperative that the case should be tried in the county where the property is situated. The *Schroeder* case arose out of a similar state of facts. It was there held that the jurisdiction of the justice court was not ousted by the fact that the title to the land was incidentally called in question. The *Nichols* case was an action to have it adjudged that an assessment which was an apparent lien upon real property was not such in fact. It was held that it did not affect the title or an interest in real estate; that the mere fact that the action relates to real prop-

erty, or in some way affects it, does not raise a jurisdictional question. It was said that, whether the assessment was held valid or invalid, would in no way affect the title. In the *Morgan* case, it was held that an action for the specific performance of a contract to convey real estate is a transitory action, and that "it would not determine any question affecting the title in the sense in which the word title is evidently employed in the statute." In *State ex rel. Scougale v. Superior Court, supra,* it was held that an action to impress a trust on real estate is not a local action within the meaning of the statutory provision we have quoted.

The respondents have cited a line of authorities which hold that actions for injuries to real property must be brought in the forum *rei sitae.* Our statute expressly so provides. They further contend that an action to recover rent will not lie against one who is claiming an adverse title, and cite *Pico v. Phelan,* 77 Cal. 86, 19 Pac. 186, and *Fender v. Rogers,* 97 Ill. App. 280. These cases announce the rule that an action for use and occupation does not lie where possession from the beginning was adverse and hostile to the owner. They proceed from the common law principle that rent is not recoverable of a tenant by sufferance. Wood, Landlord & Tenant, § 11; Taylor, Landlord & Tenant (8th ed.), § 21. In the case at bar, the possession was not hostile in the beginning, but as the complaint avers was obtained by an express written contract. Moreover, it was competent for the legislature to change the common-law rule and require the party in possession to attorn to the actual owner of the property. We think the section we have quoted has accomplished that purpose. It is true that the statute permits a recovery of rent for use and occupation where possession has been obtained without the consent of the owner, while another statute is running in favor of the occupant which, if continued for a sufficient length of time, would ripen into title. While there is an inconsistency in the two statutes, neither trenches upon the power vested in another branch of the government. The authorities

are not in entire harmony, but we think the better rule is that the action is transitory.

It follows that the learned trial court erred in granting the nonsuit. The judgment is reversed.

PARKER and FULLERTON, JJ., concur.

CHADWICK, J. (dissenting)—The plaintiff is the widow of one Tony A. Tubbs, who homesteaded the present site of Coeur d'Alene City, in Kootenai county, Idaho. She became, by the death of her husband, the owner of certain property fronting on Lake Coeur d'Alene. A particular description of the property is not material. The waters in front of this property, for some time prior to December 23, 1903, were occupied as a booming and sorting ground by the Coeur d'Alene Lumber Company, Limited. I shall refer to that company hereafter as the "Limited Company." During its occupancy of the property, it deposited some sawdust and waste and piled lumber on the upland, and built a road over or around the tract near the water's edge. After February, 1904, the ground and abutting waters used by the Coeur d'Alene Lumber Company, an independent company, which bought out and took over the mill and business of the Limited Company, and which I shall refer to as the "Lumber Company." There is nothing in the record to show that these companies ever had anything in common, or that the Lumber Company ever at any time assumed the contracts or acknowledged any liability for the torts of the Limited Company. It is not shown, nor is it attempted to be shown, that either of the defendants ever had a lease of the property. The only testimony upon the subject of leases is in the cross-examination of the plaintiff, where she finally says:

"Q. Did you give a lease to the Coeur d'Alene Lumber Company? A. No. They absolutely took possession of the land. Q. Did you give any lease to the Coeur d'Alene Lumber Company, the Idaho corporation [which is the Limited Company]? A. No, I did not. They took possession of the land."

This action was begun in June, 1906, plaintiff alleging that:

"(5)   That for some time prior to the first day of October, 1903, defendant Coeur d'Alene Lumber Company, Limited, occupied said described premises, the shore line and lake front thereof, under and by virtue of a lease therefor. That said lease expired on the first day of October, 1903, but that said defendant, Coeur d'Alene Lumber Company, Limited, did not thereupon surrender said premises or remove therefrom, though often requested so to do, but on the other hand continued in the open, acknowledged and exclusive possession and occupancy thereof at all times prior to the 19th day of February, 1904, piling and stacking lumber and dumping and depositing saw dust and other refuse thereon, also floating, anchoring and collecting large numbers of logs in the lake and along the shore line of said premises, throughout the entire length thereof, thereby fully and completely blocking all means of ingress and egress to and from said premises by means of the waters of said lake.

"(6)   That defendant Coeur d'Alene Lumber Company was organized as aforesaid, on or about the 19th day of February, 1904, and claims to have thereupon succeeded to all the rights and privileges, likewise to have assumed all liabilities of said Coeur d'Alene Lumber Company, Limited; the occupancy and use, however, of said described premises has at all times continued in the manner above alleged without interruption, and plaintiff therefore alleges that said premises have been occupied and used in the manner aforesaid at all times since about the 19th day of February, 1904, and are now so occupied and used by the said defendant, Coeur d'Alene Lumber Company.

"(7)   That at all times since the first day of October, 1903, said described premises have been and now are of the reasonable rental value of $150 per month, no part of which has been paid, though demand therefor has often been made by the plaintiff and refused by said defendants."

The complaint was held good on demurrer because of these allegations, it there appearing that the only controversy was as to the reasonable value of the use of the property, which in its nature is a transitory action and maintainable in the courts of this state.   Defendants denied all of the allegations of the

complaint, and in addition set up title in the Lumber Company, acquired through an open and notorious possession running over a period of ten years, during which time it and its predecessors had paid all taxes levied upon the property in the county of Kootenai, state of Idaho. The case went to trial upon these issues. As I have said, no attempt was made to prove a lease to either the Limited Company or the Lumber Company, the testimony showing that the Lumber Company, the present occupant of the land, was a trespasser. In fact, plaintiff's case was prosecuted on the trial upon the theory of tort, and not of contract, and to sustain its theory findings and judgment which had been made and entered in the district court of the state of Idaho, in a case prosecuted by plaintiff against the defendants involving the same property, were offered and received in evidence.

In the Idaho case the court found that plaintiff was the owner of the property; that the defendants were trespassers upon the land to the great damage, loss, and inconvenience of the plaintiff, and that unless restrained would continue to use the property to her great and irreparable damage; and a judgment declaring defendants to be trespassers and perpetually enjoining them from continuing the use and occupation of the property was rendered by the Idaho court. Other testimony was offered tending in some slight degree to show that the reasonable rental value of the property was $150 per month. When defendants rested, plaintiff demurred to the evidence. After argument of counsel the trial judge excused the jury, and directed a judgment without prejudice, or of nonsuit, in favor of defendants.

The judgment rests upon two grounds: insufficiency of the evidence to sustain the judgment; and that, under the evidence, the action was local to the courts of Idaho, and not transitory as contended by plaintiff. It is a rule of primary quality that, "when an action is founded on the privity of the estate and not on contract, it is local and must be brought in the county where the land lies." Taylor, Landlord & Tenant

(9th ed.), vol. 2, § 625. To defeat this rule and maintain her action in the courts of this state, plaintiff has verified and filed a sufficient complaint, but has made no pretense of sustaining it by her proofs. The first and possibly the only question before us then is, is the jurisdiction of our courts. to be determined, as against a demurrer to the testimony, by reference to the complaint alone; or does the right to maintain the action depend upon the proofs offered in support of the complaint. The majority of the court has resolved that it shall be measured by the allegations of the complaint. Beyond this instrument, it has not seen fit to go. It has taken no concern of, but on the contrary has shut its eyes to, the evidence. In this view I cannot concur. The true rule was declared by the trial judge. In passing upon the motion for judgment, he held that it would be impossible for him to submit the case under the issues made by the pleadings and the evidence, without requiring the jury to find the ownership and title to the property, that being the first question of fact to be decided. The statute fixing the venue in such cases, Rem. & Bal. Code, § 204, is as follows:

"Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

"1. For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title or for any injuries to real property."

The situation is simply this: Plaintiff has recovered a judgment in the Idaho courts, establishing a trespass. With it she has come into our courts and set up a false issue in order to pass a demurrer; and, under pretense of recovering rent, seeks the damages which the Idaho court held that she had suffered but which it did not measure, but which she might have recovered, or at least prayed for, in the foreign action. It is an evasion of the law and an abuse of the rules of state comity. Intraterritorial jurisdiction is sustained under the

doctrine of comity, and not as a matter of right. Therefore, when it appeared that appellant had established a trespass upon her property in the Idaho courts, and waived the incidental damages, the courts of this state should not give ear to her accessory action. The incident should follow the principal action. It cannot be set up as an independent right of action in a foreign court, without violating the rule of comity upon which the right to invoke the jurisdiction of our courts rests. To illustrate: Assuming the law of Idaho to be the same as our own, appellant could not maintain her present action in that state. She would be barred under the doctrine of *res judicata*. Having then no action or right of action in Idaho, she would have none here, although her proofs were otherwise sufficient.

The rule differentiating a local from a transitory action is reduced to its essence by the writer of the opinion in *McGonigle v. Atchison*, 33 Kan. 726, 7 Pac. 550:

"The distinction between transitory and local actions, both at common law and under the code, is generally and substantially as follows: If the cause of action is one that might have arisen anywhere, then it is transitory; but if it is one that could only have arisen in one place, then it is local. Hence actions for injuries to real estate are generally local, and can be brought only where the real estate is situated; while actions for injuries to persons or to personal property, or relating thereto, are generally transitory, and may be brought in any county where the wrongdoer may be found."

This case is quoted by the editor of the Ency. Plead. & Prac., vol. 22, page 776, who also quotes from *Oliver v. Loye*, 59 Miss. 320, as follows:

"It is the settled doctrine in England and America at common law that no *local* action can be maintained out of the jurisdiction in which it arose, and although this is, in many instances, to deprive a party of all remedy, the rule is said to be peremptory and inflexible. Accordingly, it has been repeatedly held, that trespass for injuries to land in one country or state cannot be maintained in another, and that no recovery can be had on a covenant running with land by an assignee of

the covenantee, except in the state where the land lies, even when the covenantor resides elsewhere."

Overwhelming authority is there cited to sustain the text that actions to "recover for injuries done to real property" are local.

A tenancy is never initiated in trespass.

"To create the relation of landlord and tenant, an agreement, either express or implied, must exist. Neither appears from the facts in this case. All the authorities establish the principle that where a person occupies the land of another, not as a tenant but adversely, or where the circumstances under which he enters show that he does not recognize the owner as his landlord, this form of action will not lie. *(Pico v. Phelan,* 77 Cal. 86.)" *Dixon v. Ahern,* 21 Nev. 65, 24 Pac. 337.

The action brought in the courts of this state is the same identical action that was brought in the Idaho courts. The one was in equity. This is a legal action. But both sound in tort, and whether the relief be injunctive or by way of damages, the trespass must be proven in either case. Under all authority, the action of trespass is held to be local, and the damage following the trespass is of the same class. And although it may be held that a plaintiff may split his cause of action, he cannot try out the principal action in the local forum and put his action for damages on wheels under the guise of recovering rents.

"But there must be a test by which it may be determined whether a particular cause of action sounding in damages is local or transitory; and an unerring one inheres in the nature of the *subject* of the injury as differing from the *means* whereby and the mere *place* at which the injury is inflicted. If the subject of the injury be real estate or an easement such as a right of way, whether private or public, obviously the action must be local, for the reason that the injury *to* that particular real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated." *Gunther v. Dranbauer,* 86 Md. 1, 38 Atl. 33.

The vice of the majority opinion lies in this: it permits an appellant to invoke jurisdiction of our state courts by the tender of a feigned issue, submit her proof of title by showing a judgment for trespass, and thereupon enter a judgment upon the theory that title it not involved, although without proof of it the action would have failed. A case directly in point is that of *Ellenwood v. Marietta Chair Co.*, 158 U. S. 105. There an action was brought in the state of Ohio, setting up a trespass to real property in the state of Virginia and the removal and conversion of a large quantity of timber. The court said:

"By the law of England, and of those states of the Union whose jurisprudence is based upon the common law, an action for trespass upon land, like an action to recover the title or the possession of land itself, is a local action, and can only be brought within the state in which the land lies.  .  .  .  . But the petition, as amended by the plaintiff, on motion of the defendant, and by order and leave of the court, contained a single count, alleging a continuing trespass upon the land by the defendant, through its agents, and its cutting and conversion of timber growing thereon. This allegation was of a single cause of action, in which the trespass upon the land was the principal thing, and the conversion of the timber was incidental only; and could not, therefore, be maintained by proof of the conversion of personal property, without also proving the trespass upon real estate. *Cotton v. United States*, 11 How. 229; *Eames v. Prentice*, 8 Cush. 337; *Howard v. Willson*, 1 Denio, 181; *Dodge v. Colby*, 108 N. Y. 445; *Merriman v. McCormick Co.*, 86 Wis. 142. The entire cause of action was local. The land alleged to have been trespassed upon being in West Virginia, the action could not be maintained in Ohio. The circuit court of the United States, sitting in Ohio, had no jurisdiction of the cause of action, and for this reason, if for no other, rightly ordered the case to be stricken from its docket, although no question of jurisdiction had been made by demurrer or plea."

Reference to that case will show that the sole object of the action was to recover the value of the timber which it was alleged had been removed and converted, the ownership of

which could not be proved without proving title to the real property from which it had been removed.

The writer of the majority opinion has met the moot case made by the complaint, but has wholly misapplied the statute, Rem. & Bal. Code, § 8805. Granting, but not admitting, that a trespass can be converted into a tenancy at sufferance at the will of the owner of real property, and that the laws of Idaho are the same as the law in this state, the appellant is in no position to urge that theory, for she voluntarily abandoned the theory of contract in the Idaho suit, and grounded her action in tort. It is upon that judgment that her rights now depend. She has waived the benefit of the statute if it be applicable. But the statute cannot apply in any event; it can only be invoked where there is no assertion of title in the defendant, or the facts imply the relation of landlord and tenant. Any other construction would deprive a defendant, as the majority would in this case, of the defense of title altogether, and bind him by the foreign judgment, which was admittedly introduced to show title and not to establish a tenancy. Tenancy by sufferance is not an elastic cloak to be thrown over every invasion of right in real property, but from the nature of the term implies a contract relation of landlord and tenant. In *Meyer v. Beyer*, 43 Wash. 368, 86 Pac. 661, a somewhat similar question was noticed by this court.

"Appellants urge that, inasmuch as Meyer obtained the legal title and respondent remained in possession of the premises thereafter, it must be presumed that she did so with his permission, and that she became, by operation of law, a tenant by sufferance whose tenancy appellants could terminate by an action for unlawful detainer as prosecuted herein. It is possible, although we do not pass upon the question, that this contention could be upheld if there were no claim or show of ownership, right or equity in the property by respondent;"

indicating that it was the idea of the court at that time that a tenancy by sufferance depended upon contract, express or implied, and could not be established by operation of law from mere occupancy under a hostile claim.

Section 8805 cannot be construed as it has been by the majority without doing violence to other sections of the statute, as well as to its own terms. Not only would other sections, in reference to the law of ejectment, forcible entry and detainer, trespass, and waste, become dead letters, but the measure of damage in all cases would be the reasonable rental value of the property. For the statute does not make its favor optional with the owner; it creates a legal condition available to owner and tenant alike, in that it says, "without the consent of the owner," implying that it is only applicable where the possession is an issue and the ownership is admitted. Moreover, the intent of the statute is plain when viewed in the light of the common law rule which it obviously intended to supplement with a remedy unknown and unavailing in the common law courts. That suit will not lie to recover rents from a tenant at sufferance is so familiar to every lawyer as to be platitudinous in its character; and that rent can only be recovered when the remedy is sanctioned by some statute is equally well understood. 24 Cyc. 1042; 18 Am. & Eng. Ency. Law (2d ed.), 180. Therefore, the statute was enacted to cure an omission in the law, and is not *sui generis*, as the opinion of the majority would imply.

The case of *State ex rel. Scougale v. Superior Court*, 55 Wash. 328, 104 Pac. 607, 133 Am. St. 1030, and other Washington cases not noted in the majority opinion, are relied on by appellant. It will require no more than a mere reference to this case to show that it, as well as the other Washington cases cited therein, is in line with that current of authority holding that an action brought to establish a trust, whether in real or personal property, is transitory. This jurisdiction is distinct and dependent upon other principles not necessary to notice here. If it be of interest, the authorities are collected and may be found in 22 Ency. Plead. & Prac., p. 140.

I have discussed the question raised by the majority opinion; but, as I have said, the motion for a nonsuit included failure of proof as a ground for dismissal. The judgment

might be affirmed on that ground alone. The judgment of the Idaho court is, in my opinion, insufficient to prove title in appellant. Respondents may have been trespassers at the time it was rendered, but it does not follow that the title to the property was then or is now in appellant.

An apology is due for the inordinate length of this opinion, but I feel that a departure from accepted and established rules of law and practice should not be made by this court without some assurance that the question has been fully considered and that the departure is deliberate.

The judgment of the lower court is in accord with, not only the weight of authority, but all authority, and should be affirmed.

MOUNT, J., concurs with CHADWICK, J.