[No. 11663. Department One. April 25, 1914.]

E. G. ENGLISH, *Appellant*, v. PATRICK GIBBONS *et al.*,
*Respondents.*[1]

VENUE—TRANSITORY ACTIONS—ACCOUNTING — CHANGE. An action for an accounting or to declare a trust in lands, is transitory, and it is not an abuse of discretion to grant defendant's application for a change of venue to the county of his residence.

APPEAL—REVIEW—FINDINGS. Findings supported by conflicting evidence will not be disturbed on appeal, when it cannot be said that the trial court erred.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 1, 1913, upon findings in favor of the defendants, in an action for an accounting and equitable relief, tried to the court. Affirmed.

*Million & Houser* and *George Friend*, for appellant.

*Peters & Powell*, for respondents.

CHADWICK, J.—Plaintiff began this action asking for cer-tain relief, alleging the following ultimate facts; that, in the year 1896, the legal title of certain lands, 400 acres of timber land and about 260 acres of pasture or agricultural land in Skagit county, stood in the name of the First National Bank of Mt. Vernon; that he had a right to a transfer of the legal title by payment to the bank of $8,000; that the defendant

[1]Reported in 140 Pac. 322.

Gibbons agreed to advance this money in consideration of which the bank was to convey the legal title to him, Gibbons; that Gibbons was to log the timber lands and divide the profits, if any, equally between plaintiff and himself; that the timber lands were eventually to be equally divided between them, and other lands which had been conveyed by the bank to Gibbons were to be held as security for the payment of any moneys which he, Gibbons, might invest in the logging enterprise; that they were eventually to be deeded to plaintiff as soon as Gibbons reimbursed himself for his outlays. He alleges that the logging operations were carried on at a profit of $5,000. The complaint is denied by defendants. Gibbons acquired title to the property from the bank and logged the land. Any contract that was made between the parties to this action was made in the spring of 1896. This action was begun in January, 1902. Plaintiff prays for an accounting of the logging business, and a judgment against defendant for one-half of the profits thereof; that defendant be required to convey to him one-half of the timber land, and that the defendant be compelled to convey to the plaintiff all of the other land conveyed by the bank to the defendant.

The defendant is a resident of King county, and upon the commencement of this action, filed a motion for a change of venue to King county, which was granted. This is the first error assigned. An action for an accounting or an action to declare a trust in lands, is a transitory action, and the court did not abuse its discretion when it made the order changing the venue of the action from Skagit county to King county. *State ex rel. Scougale v. Superior Court,* 55 Wash. 328, 104 Pac. 607, 133 Am. St. 1030.

As for the merits of the case, we have read the record and are unable to say that the trial judge erred in rendering a judgment for the defendant. It might be that a judgment could have been rendered in favor of either party with some reasonable assurance that it was right, but this is saying no more than that plaintiff has not sustained the burden of proof.

Taking the testimony of the witnesses, the findings of the trial judge, and all of the concomitant circumstances, we are compelled to affirm the judgment.

CROW, C. J., ELLIS, MAIN, and GOSE, JJ., concur.