[No. 13730.    Department One.    May 26, 1917.]

CITIZENS BANK OF RENTON, *Plaintiff*, J. S. GOLDSMITH, *Trustee, Respondent*, v. WINNER SHINGLE COMPANY, *Appellant*.[1]

BANKRUPTCY — CLAIMS AGAINST BANKRUPT — ALLOWANCE — STATE COURTS — JURISDICTION. Where a trustee in bankruptcy admittedly had the legal title to a sum paid into the registry of the state court in satisfaction of a mortgage that had been assigned by the bankrupt as collateral security for a loan, and foreclosed by the holder of the collateral note, the mortgagor, in paying the judgment, cannot assert a preference as a creditor of the bankrupt, and compel the trustee to come into the state court to try title to the funds, where he had no specific lien thereon and did not claim the funds under any antecedent title; since the bankruptcy court has primary jurisdiction of the allowance of claims and the trustee has the choice of forums.

Appeal from an order of the superior court for Skagit county, Brawley, J., entered March 20, 1916, directing the

[1]Reported in 165 Pac. 392.

payment to a trustee of a fund in court as property of a bankrupt. Affirmed.

*Brown, Peringer & Thomas,* for appellant.

*McClure & McClure* and *Coleman & Gable,* for respondent.

Chadwick, J.—In the year 1908, the appellant purchased from one Pat Gibbons and wife certain property situated in Skagit county, Washington. One-half of the purchase price was paid in cash. Three notes were given for the remainder, each for the sum of $2,370, payable in one, two, and three years thereafter. These notes were secured by a mortgage on the property. Gibbons furnished an abstract which revealed a claim of title to the property by one E. G. English, and the pendency of an action instituted by English in the year 1902.

Thereupon Gibbons and wife entered into a contract with the appellant whereby they agreed to prosecute the English suit to a conclusion within two years; to protect appellant in the peaceable possession of the property,

"and to pay all and every damage of every kind and nature whatsoever arising out of or connected with any claim to said premises by the said E. G. English, whether the said damage be in the nature of expenses incurred in litigation, a claim to improvements made or timber removed from said land, and in fact all and every damage of every character which may be sustained by the said [appellant] arising from any claim or action by the said English pertaining to the said property."

The first two notes were paid. Gibbons assigned the third note to the Citizens' Bank, the plaintiff herein, as collateral security for a loan. Gibbons was thereafter adjudged to be a bankrupt, and respondent, J. S. Goldsmith, was appointed as his trustee in bankruptcy. In March, 1913, plaintiff began an action to foreclose the mortgage and to satisfy the indebtedness of Gibbons out of the collateral security and mortgaged property. The action was defended

by the appellant, but plaintiff prevailed, and judgment was entered in the full sum of $3,430.43. While the action to foreclose the mortgage was pending, appellant caused the case of *English v. Gibbons*, 79 Wash. 210, 140 Pac. 322, to be prosecuted to a conclusion in the superior court of King county and in this court. After judgment entered in this case, appellant paid the full amount found to be due in satisfaction of the judgment. Appellant expended in costs and attorney's fees in the defense of this action and in the prosecution of the *English* case the sum of $1,032.88. When the appellant paid the money in satisfaction of the decree of foreclosure, it directed the clerk to pay to plaintiff $2,944.16 and accumulated interest, and to retain the remainder—the difference between the principal judgment and the amount due upon the collateral note being $526—in the registry of the court until the respective rights thereto could be determined as between appellant and the trustee in bankruptcy. This amount the court ordered retained in the registry of the court pending its further order.

The trustee in bankruptcy filed a petition claiming the money as the property of the bankrupt. To this petition, the appellant made answer, claiming a lien upon the fund; that the trustee in bankruptcy had full knowledge of the foreclosure proceeding; that he did not participate, but left the burden of the litigation to appellant; that, by reason of its prosecution to a final judgment of the *English* case, it has conserved the estate at its own expense and cost and is, therefore, entitled to the fund; and finally, that the lower court had jurisdiction of the subject-matter of the action from the beginning, and hence has jurisdiction now of all matters incident thereto, including the issue joined by the petition of respondent and the answer of appellant.

The contentions of appellant rest primarily upon the assertion that the state court, having charge of the fund, has jurisdiction to try out conflicting claims. While there can be no question of the jurisdiction of a state court to hear all

controversies or suits brought by a trustee in bankruptcy, it does not follow that it will retain possession of property which is primarily the property of the bankrupt within the rule of sequestration the legal title to which is in the trustee and upon which there is no specific lien. The right of appellant, if any, is that of a claimant or creditor. Upon its own theory, it is a creditor of the bankrupt claiming a preference or an equitable lien for the preservation of the property. If it were claiming the property under some antecedent title, or as derived from some independent source, or under a prior lien, a different question would be presented. But here the legal title to the fund is admittedly in the trustee. The trustee takes the title of the bankrupt by operation of law, and it is his duty to reduce all of the property to possession. The right of appellant, therefore, depends upon the proof and merit of its claim.

The controversy in the state court, as outlined in the principal action, had ceased with the satisfaction of the judgment, and appellant could neither invite nor compel the trustee to come into the state court to try title to funds which *prima facie* belong to the bankrupt. If appellant had retained the fund, respondent could have sued in either court. The point we make is that the choice of forums, under a record such as we have before us, is in the trustee. The creditor cannot, by the mere act of paying a disputed fund into the registry of a state court, invest that court with either primary or exclusive jurisdiction or create a lien in his favor upon it.

While state courts have jurisdiction to pass upon all suits and controversies affecting the property of the bankrupt, the allowance or disallowance of claims is peculiarly, if not entirely, within the jurisdiction of the bankruptcy court.

If appellant has a claim which ought to be paid out of the impounded funds, it may be heard in the other tribunal. The legal title to the money being in the trustee, there was no

controversy of which the state court would take jurisdiction to the exclusion of the bankruptcy court.

Affirmed.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.