[No. 15326.  Department One.  August 5, 1919.]

AUGUST FREYMAN, *Appellant*, v. HARRY L. DAY *et al.*, *Respondents*.[1]

EVIDENCE (27)—PRESUMPTIONS—LAWS OF OTHER STATES. In the absence of pleading and proof, it will be presumed that the laws of a sister state are the same as the laws of this state.

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION ACT—REMEDIES. An action cannot be maintained by an employee for injuries sustained in another state while working in an extra hazardous employment (mining) in the absence of allegation or proof as to the laws of such state, which presumptively are the same as our own, withdrawing relief for such injuries from private controversy.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered June 19, 1918, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Eugene A. Childe,* for appellant.

*John H. Wourms* and *Plummer & Lavin,* for respondents.

MAIN, J.—The purpose of this action was to recover damages for personal injuries alleged to be due to the negligence of the defendant. The cause was tried to the court and a jury, and resulted in a verdict in favor

[1]Reported in 182 Pac. 940.

of the plaintiff. The defendants made a motion for judgment notwithstanding the verdict, which was sustained, and a judgment was entered dismissing the action. From this judgment, the plaintiff appeals.

The respondents are copartners operating a mine near the town of Burke, in the state of Idaho. On the 3d day of July, 1917, the appellant, while employed in the mine, sustained the injuries on account of which he instituted this action. The action was brought in the superior court of Spokane county, in this state. There was no pleading or proof as to what the laws of Idaho were relative to accidents of this character. In the absence of such pleading and proof, it will be presumed that the laws of Idaho are the same as the laws of this state.

In this state there is a law known as the workmen's compensation act (Rem. Code, § 6604-1 *et seq.*), wherein it is provided that relief to workmen for injuries occurring in extra hazardous work are withdrawn from private controversy. In section 2 (Id., § 6604-2) of the act, work in mines is specified as extra hazardous. In section 8 (Id., § 6604-8) of the act, as originally passed, there was preserved a right of action against an employer who had defaulted in any payment that he was required to make under the act to the accident fund. In 1917 (Laws of 1917, ch. 120, p. 487, § 5), the section of the original act giving a right of action against a defaulting employer was amended. In the amended section, the right of action against a defaulting employer by the injured employee was not preserved. Other means were provided by which compulsory payment could be made to the accident fund. This amendment was in full force and effect at the time the appellant's accident occurred.

It thus appears that, had the appellant sustained the injuries for which he complains in this state, he

would have no right to wage a law action for the recovery of damages, but would be required to take compensation provided for in the workmen's compensation act. It follows, therefore, that, since there was no pleading or proof as to the laws of Idaho, in the absence of which the law of that state will be presumed to be the same as this, the appellant could not maintain this action for the recovery of damages. It must be remembered that the accident in this case did not happen in interstate commerce, and consequently would not come within the provisions of the statute covering that subject-matter.

The judgment will be affirmed.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.