[No. 17618. Department One. March 22, 1923.]

THE MYCHEL COMPANY, *Respondent,* v. JAMES LASHUA, *as Administrator etc., Appellant.*[1]

APPEAL (124)—PRESERVATION OF GROUNDS—SPECIFIC OBJECTIONS TO EVIDENCE. A specific objection to a certified copy of a foreign deed record, that there is nothing to show that the certifying officer was the legal custodian vested with the duty of recording deeds, waives the objection, first made on appeal, that the deed was not acknowledged.

TRUSTS (52)—ENFORCEMENT OF TRUST—PROCEEDS OF SALE BY TRUSTEE—EVIDENCE—SUFFICIENCY. Findings that the proceeds of the sale of mining stock, held in trust, were deposited in a bank in San Francisco, are sustained by evidence that the depositor was in financial difficulties, that he had made a contract for the sale of the claims for $10,000, the deed showed that consideration, and shortly after execution of the deed he deposited $8,160 in a distant bank in which he had never done business before, and that there had been no withdrawals or additions, and he had no other source of income.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 29, 1922, upon findings in favor of the plaintiff, impressing a trust upon the proceeds of a sale of real property and ordering payment thereof to the plaintiff, tried to the court. Affirmed.

[1] Reported in 213 Pac. 917.

*G. D. Eveland,* for appellant.

*D. W. Locke,* for respondent.

*Kerr, McCord & Ivey, amici curiae.*

Mackintosh, J.—In the case of *Mychel Co. v. Gardiner,* 117 Wash. 704, 202 Pac. 1119, this court sustained the judgment of the superior court of Snohomish county, which determined that the defendant, Gardiner, was holding certain mining claims in trust for the plaintiff, Mychel Company. Before the remittitur had gone down, and in violation of the injunction, Gardiner transferred the claims and rendered it impossible for him to comply with the decree of the court that he transfer the claims to the plaintiff. Thereafter an application was made in the same action for an order impressing the trust upon the proceeds of the sale of the claims, and ordering the administrator of Gardiner's estate to pay such funds to the plaintiff in lieu of the conveyances provided for in the original decree, Gardiner in the meantime having died. Upon the hearing, such an order was made, from which this appeal is taken.

The appeal raises two questions.

First, it is the contention of the appellant that the court was in error in permitting the introduction in evidence of Exhibit A, which is the certified copy of the deed of the mining claims from Gardiner. The claims were located in the Province of British Columbia, and Exhibit A is a copy of the deed certified by the registrar of titles of the land registry office at Nelson, B. C., as being a true copy of the conveyance deposited in his office. The deed bears no acknowledgment. Under the laws of this state, Rem. Comp. Stat., § 10570, an acknowledgment is necessary for the transfer of real estate. Section 10596, Rem. Comp. Stat., provides for the certification of copies of deeds which

have been recorded. It may be admitted that, under the law of this state, had the property been located in this state, Exhibit A would have been inadmissible in evidence. No attempt was made to plead or prove the laws of British Columbia, and it is the claim of the appellant that, in the absence of any proof as to the necessity of an acknowledgment in that province, the laws there must be presumed to be the same as they are here, and that the copy of the deed must be held to be inadmissible. The argument is made that, in the absence of proof of the statutory law of a foreign jurisdiction, that law will be presumed to be the same as that of this jurisdiction, and the cases of *Gunderson v. Gunderson*, 25 Wash. 459, 65 Pac. 791; *Pitt v. Little,* 58 Wash. 355, 108 Pac. 941; *Sheppard v. Coeur d'Alene Lum. Co.,* 62 Wash. 12, 112 Pac. 932, Ann. Cas. 1912C 909, 44 L. R. A. (N. S.) 267; *Marston v. Rue,* 92 Wash. 129, 159 Pac. 111; *Freyman v. Day,* 108 Wash. 71, 182 Pac. 940; *Williams v. Great Northern R. Co.,* 108 Wash. 344, 184 Pac. 340, are cited as having committed this court to that doctrine.

It is argued, on the other hand, by the respondent that the only presumption, in the absence of proof of the laws of a foreign jurisdiction, is that the common law of the foreign jurisdiction is the same as that of this jurisdiction, but that the presumption does not extend to the statutory law.

It is unnecessary to reopen this question and to determine how far the courts will engage in presumptions as to the laws of other jurisdictions, for, as we view the record, this question has not been preserved to the appellant. When Exhibit A was offered in evidence, a general objection to it was made that it was incompetent, irrelevant and immaterial and not properly certified or exemplified. It may be conceded that this

was sufficient to have prevented its introduction, but the court inquired of counsel for the appellant as to what was his specific objection. To which counsel repeated his former objection. A discussion was then had in regard to the matter, from which it appears that the sufficiency of the deed had once before been before the court and that a new certified copy had been secured to meet the objection which had been raised to the original copy offered in evidence. After this discussion had taken place, counsel for appellant specified exactly the ground upon which he was objecting to Exhibit A in this language:

"There is nothing to show that this is the officer that is the legal custodian that is vested by the law in British Columbia with the duty of recording or keeping a record of this character, anyway."

By this we take it that appellant's counsel waived all objection to the introduction of Exhibit A except that it was not certified by the proper officer. Waiving the objection that the deed had not been acknowledged, we think it is too late for him now to urge that objection he is here making, and that the trial court was correct in admitting Exhibit A in evidence.

Second, it is urged that there was no competent evidence in the record to sustain the findings that the sum of $8,160, found by the administrator in a bank in San Francisco, was the proceeds of the sale of the mining claims, which, according to the testimony, brought the price of $10,000. The testimony shows that Gardiner was in financial difficulties to the extent that even his life insurance had been hypothecated; that he had made a contract for the sale of these claims for the sum of $10,000; that the deed showed that consideration; that the appellant, about the time the deed was made, deposited in the bank in San Francisco, far removed

from the place of business of Gardiner, which was in Everett, in this state, and a bank in which he had never done business before, over $8,000, which was a large sum of money for Gardiner to be handling; that no other deposits had been made thereafter; that no withdrawals had been made, and that Gardiner had no other source of income from which this amount could have been realized. The trial court held that, under these facts and circumstances, the respondent had made out a *prima facie* case that this sum of money was the proceed of the sale of the mining property and should be impressed with the trust which had been impressed upon the mining claims. The appellant introduced no evidence to overcome this *prima facie* case, and we are satisfied that the trial court was correct in thereupon entering the decree from which this appeal has been taken, and its action is therefore affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.